UNITED STATES of America
v.
Beed FOWLER.
Cr. No. 15727.

United States District Court
E. D. Tennessee, N. D.

Dec. 6, 1954.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Hobart F. Atkins, Broughton & Broughton, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

The defendant, Beed Fowler, was indicted by the grand jury on the 22nd day of November, 1954, for possessing distilled spirits, the immediate containers of which did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing the payment of all internal revenue taxes imposed on such distilled spirits as required by law.

The second count of the indictment charges the defendant with concealing distilled spirits on which the taxes imposed by the internal revenue laws of the United States were not paid.

The defendant on December 7, 1954, filed a motion to vacate the seizure and suppress all of the evidence which the Government seeks to introduce, upon the ground that the defendant's constitutional rights, particularly those guaranteed to him by the Fourth Amendment to the Constitution of the United States, were violated by the Government officers in that they made a search of his automobile without a search warrant and in violation of his rights as guaranteed to him by the Fifth Amendment of the Constitution of the United States.

In support of the motion to suppress, the defendant filed an affidavit before the United States Commissioner before

whom a preliminary proceeding was had. In addition, certain witnesses testified orally before the United States Commissioner, Mr. Duggins, and a transcript of that testimony was made and reduced to typewriting and made a part of the record in this proceeding.

■ Defendant's attorney has supported the motion with an exhaustive and carefully prepared brief citing many textbook writers and many cases, including cases from the Supreme Court of Tennessee dealing with search and seizure questions. Those cases cited declared the law in an able manner in Tennessee in relation to search and seizure under the Constitution of the State of Tennessee.

This Court is bound by the Federal decisions, however, in a case of this character.

Today two witnesses were called by the movant who testified in detail about the search that was made of the car of the defendant on October 31, 1954.

The facts surrounding the search are substantially as follows: Officer Griffin had received information for a period of two or three years prior to the arrest that the defendant was engaged in the illegal whiskey business in that he was hauling moonshine whiskey from Cocke County, Tennessee, to Knoxville, Tennessee.

On October 18, 1954, this officer received information from an informant that the defendant was continuing to haul moonshine whiskey from Cocke County to Knoxville, Tennessee, and that he made about one trip each week in the operation of this project in a 1950 or 1951 green Oldsmobile with a Knoxville license. At that time the officer gave the informant his home telephone number, presumably for the purpose of having the informant to call him if and when he had notice when and under what circumstances a specific haul was to be made. The officer had confidence in the informant and believed that the information was reliable.

On Sunday, October 31, 1954, at about 12:15 p. m. the officer received a telephone call from this informant stating that defendant was proceeding from Newport, Tennessee, to Knoxville, Tennessee, via the Asheville highway with a load of moonshine whiskey in this same green Oldsmobile, 1950 or 1951 model, with Knoxville license, and that the defendant would arrive in Knoxville in about 30 minutes.

Thereupon Officer Griffin called his colleague, another Federal officer, Bomar, by telephone, and conveyed to him the information that he had received from the informant to the effect that the defendant was on his way from Newport, Tennessee, in a green Oldsmobile to Knoxville, Tennessee, and would arrive within about thirty minutes from the time the telephone call in which Mr. Griffin participated ended.

These officers, having armed themselves with this information, proceeded by automobile in the direction of the Burlington area, and as they came near the intersection of McCalla Avenue and Holston Drive they observed the defendant in this green Oldsmobile which had been described to Mr. Griffin by the informant approaching this intersection, slowing down for a light. And Mr. Griffin, who was traveling in an opposite direction, pulled his car in an angling position in front of the defendant's car, thus stopping or blocking the defendant's car at or near the intersection of those streets.

Griffin immediately got out of his car and gave notice to the defendant that Federal officers were present. About that time Griffin undertook to unlock one of the doors of the defendant's car without success, and he asked the defendant to unlock the door, which the defendant promptly did.

In the car was found some moonshine whiskey covered by a blanket. In addition to this moonshine whiskey that was found in the front of the car covered with a blanket, additional moonshine

928

whiskey was found in the trunk of the car, making a total of approximately 48 gallons of moonshine whiskey.

Officer Bomar testified that the back end of the defendant's car appeared to be low indicating that it was carrying a load.

After finding the whiskey, the defendant was placed under arrest. The arrest was made without a warrant. The search of the car was made without a search warrant.

■ The question for decision before this Court is whether under the circumstances shown in this record the officers of the law, namely, Mr. Griffin and Mr. Bomar, as reasonable persons had probable cause to believe that defendant was violating the Federal law on the occasion in question. If probable cause existed for the officers' believing that the defendant was violating the Federal law under the circumstances above set out, the search was legal. If probable cause did not exist for a search of the car, then the search was contrary to the defendant's right under the Fifth Amendment of the Constitution and therefore illegal.

In the opinion of the Court probable cause existed and the search was a legal one.

In support of this conclusion, the Court cites the case of Brinegar v. United States, decision by the Supreme Court, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; the case of Bradford v. U. S., 6 Cir., 1951, 194 F.2d 168, and an opinion written by the late Judge Hicks; the case of Gilliam v. United States, in which one of the learned counsel at this bar participated, 6 Cir., 189 F.2d 321; the opinion involving the Gilliam case by this Court being reported in 87 F.Supp. 808.

This Court upholds this search as a valid search.

On the strength of the foregoing cases and the facts herein found, the motion to suppress is overruled.