**Beed FOWLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12450.**

United States Court of Appeals Sixth Circuit.

Dec. 15, 1955.

Broughton & Broughton, Taylor & Badgett, Hobart F. Atkins, Knoxville, Tenn., for appellant.

John C. Crawford, Jr., James M. Meek, Knoxville, Tenn., for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

On this appeal from a judgment of conviction and sentence to imprisonment and a fine for violation of Internal Revenue Code sections relating to taxes on distilled spirits, the appellant contends that the trial judge should have sustained appellant's motion to suppress the evidence for the reason that the government agents lacked sufficient information or personal knowledge to constitute probable cause for the alleged arrest of appellant and for the search of his automobile without a search warrant.

The subject matter of appellant's complaint has been before this court, all the other United States Courts of Appeals, and the Supreme Court, in many varying forms. While there are many authorities upon the subject, beginning with Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, and including, *inter alia,* the cases cited by United States District Judge Taylor in his memorandum opinion, D.C., 136 F.Supp. 926, denying the motion to suppress, namely: Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Bradford v. United States, 6 Cir., 194 F.2d 168; and Gilliam v. United States, 6 Cir., 189 F.2d 321; each individual case, as it arises, must be decided upon its own particular facts as

to whether there was probable cause for a search or seizure.

We think that, for the reasons stated in the opinion of the district judge, he ruled correctly that there was sufficient evidence to constitute probable cause for search, without a warrant, of the green automobile being driven by appellant at the time of the search of the vehicle by federal officers.

Accordingly, the judgment of the United States District Court is affirmed; and it is so ordered.