**Wardell PEGRAM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13767.**

United States Court of Appeals
Sixth Circuit.

June 17, 1959.

Dale Quillen, Nashville, Tenn., for appellant.

Fred Elledge, Jr., U. S. Atty., and Andrew M. Gant, Jr., Nashville, Tenn., for appellee.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The principal question raised on this appeal concerns the District Court's denial of a motion to suppress certain evidence. Appellant waived trial by jury and was found guilty by the court of possession of untaxpaid liquor under 26 U.S.C. § 5008(b). Appellant urges that probable cause for search and seizure of appellant's automobile and the contents thereof did not exist and that his motion to suppress the evidence should have been granted.

It is conceded that about 12:00 noon on December 5, 1957, a criminal investigator of the Alcohol and Tobacco Tax Division received information that a 1949 black Ford, license No. 1-K3319, loaded with liquor would be driven from 21st and Alameda Streets in North Nashville to the neighborhood of 27th and Meharry Boulevard, one William Nichols driving the car. At the time and place specified a black Ford with the identical license number turned into Alameda Street and was followed by the officer. The agent sounded a siren, whereupon appellant accelerated speed, jumped from the car, and ran away but was apprehended after a short distance. The car contained 105 gallons of liquor.

The driver was not Nichols but was appellant Pegram. He contends that this one circumstance requires us to find that the officer did not have probable cause to search the automobile.

We think this search was proper within the doctrine of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543, 39 A.L.R. 790, namely, that when search and seizure are made upon a belief "reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." In accord see Gilliam v. United States, 6 Cir., 189 F.2d 321; Fowler v. United States, 6 Cir., 229 F.2d 215.

There was no showing here that the confidential informer was in any way connected with the commission of the offense. Under these circumstances the court did not err in denying appellant's

request that the government's witness disclose the name of the confidential informer. Sorrentino v. United States, 9 Cir., 163 F.2d 627.

The judgment of the District Court is affirmed.