**UNITED STATES of America**

v.

**Robert O'LEARY.**

**No. 11683.**

United States District Court
E. D. Tennessee, S. D.

Dec. 29, 1961.

On Motion to Rehear and Reconsider
Jan. 31, 1962.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Schoolfield, Taylor & Schoolfield, Chattanooga, for defendant.

WILSON, District Judge.

The defendant in this case was indicted for the possession of illicit whiskey. A motion to suppress evidence was filed on behalf of the defendant upon the ground that the arrest of the defendant was unlawful and that the search of the defendant's automobile was likewise unlawful. A trial by jury was waived by the defendant and by stipulation of the parties it was agreed that the case would be tried by the Court upon the indictment and the motion to suppress at one hearing.

Thereupon Mr. O'Donnell, a government agent, testified that upon August 21, 1961, around 7:00 a. m., he and another government agent, Mr. McKnight, arrested the defendant near Signal Mountain Road and Suck Creek Road, Hamilton County, Tennessee, and upon search of the defendant's automobile found 20 gallons of illicit whiskey in the trunk. The witness testified that acting upon information obtained by Mr. McKnight to the effect that the defendant would be driving a 1951 Mercury automobile at this location between 6:30 and 7:30 a. m., hauling approximately 20 gallons of illicit whiskey, he and Mr. McKnight posted themselves along the route the defendant was reported to be traveling. The identity of the defendant was made known by the informant and Mr. O'Donnell himself had known the defendant for a period of some ten years. At about 7:00 a. m. upon this date the defendant passed driving a 1951 Mercury and he was recognized by the witness. Upon likewise observing the agents, the defendant attempted to flee, was pursued by the agents, and eventually turned into a dead-end road, there abandoning his car and attempting to flee on foot. Mr. McKnight chased and apprehended the defendant a short distance from the car. In the meantime Mr. O'Donnell took the keys from the ignition of the abandoned automobile and opened the car trunk locating there 20 gallons of illicit whiskey.

Mr. McKnight, the only other witness to testify in the case, and who was also a government agent, testified that previous to the arrest of the defendant he had received information from a source he considered reliable that the defendant would be running whiskey, in approximately 20 gallon lots, over a specified route two or three times a week. He also obtained further information from an unknown source that the defendant would make a run between 6:30 and 7:30 a. m. Acting upon this information, the witness and Mr. McKnight posted themselves along the route, observed the defendant pass in the automobile described by the informant and about the time suggested by the informant. Recognizing the defendant as the person described by the informant, and known to the agent for some five years, a chase occurred with the defendant eventually abandoning his car and fleeing on foot only to be overtaken and arrested by Mr. McKnight within a short distance. When Mr. McKnight returned to the automobile after having apprehended the defendant, Mr. O'Donnell had in the meantime located 20 gallons of nontax-paid whiskey in the automobile.

This was the substance of all of the testimony in the record. Upon this state of the record, it becomes necessary to de-

termine whether the whiskey found and seized was lawfully found and seized or whether this evidence should be suppressed. The legality of the arrest is likewise an issue under the motion to suppress. However, it is not believed that this would be determinative of the issues in this case. Moreover much that is said herein with regard to searches and seizures would apply also to a determination of the legality of the arrest.

■ The motion to suppress is based upon the Fourth Amendment to the Constitution under which the defendant is entitled to protection from unreasonable "searches and seizures." In this regard, the burden of proof is upon the defendant, as the moving party, to establish the illegality of the search and seizure. Watson v. United States, 101 U.S.App.D.C. 350, 249 F.2d 106; United States v. Profaci, D.C., 124 F.Supp. 141.

■■ One of the elements of a reasonable search is whether or not probable cause exists for having made the search and seizure. Probable cause for believing that contraband goods are being transported in an automobile is in and of itself sufficient justification for stopping and searching the automobile in the absence of a reasonable opportunity to obtain a search warrant. The search authority arises from the probable cause, and is dependent neither upon a search warrant nor upon a prior and valid arrest.

As stated in the case of Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 287, 69 L.Ed. 543:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

The same point is made in the case of Husty v. United States, 282 U.S. 694, 700, 51 S.Ct. 240, 241, 75 L.Ed. 629, where the Court stated:

"The Fourth Amendment does not prohibit the search, without warrant, of an automobile for liquor illegally transported or possessed, if the search is upon probable cause; and arrest for the transportation or possession need not precede the search."

■■ Probable cause is generally defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused or suspected is guilty of the offense upon which the search is founded. It does not mean actual and positive cause, nor does it import absolute certainty. 47 Am.Jur., Searches and Seizures, Sec. 22. Under the testimony in this case it appears that all of the information which the officers received and acted upon came from a source believed by them to be reliable except the information as to the exact time of day the defendant would travel the route, this information coming from an unknown source. The reliability of this information was confirmed when the officers, acting upon it, observed the defendant driving the automobile described along the route suggested at the time suggested and recognized the defendant as the person identified by the informant. It is believed by the Court that all of this, considered together, was sufficient to justify a reasonably prudent officer in the belief that the defendant was unlawfully transporting intoxicating liquor. The attempt of the defendant to escape would further confirm that belief. It is the opinion of the Court that probable cause for making an arrest of the defendant and a search of his automobile did exist.

Under quite similar facts a number of cases have held that a search of an automobile for illegal whiskey without a search warrant was proper and that a motion to suppress such evidence was properly overruled. Pegram v. United States, 6 Cir., 267 F.2d 781; Fowler v. United States, 6 Cir., 229 F.2d 215; Bradford v. United States, 6 Cir., 194 F.2d 168; Johnson v. United States, 5 Cir., 283 F.2d

771; Bruner v. United States, 5 Cir., 293 F.2d 621.

The issue next arises as to whether a search warrant should have been obtained by the officers under the circumstances of this case. In determining what is an unreasonable search of an automobile, the same considerations do not necessarily apply as we could apply to the search of a house or other fixed location. What might be reasonable or unreasonable as to one, might not be as to the other. The basic legal difference between search of automobiles and searches of houses arises from the mobile character of motor vehicles, and relates to the strictness of the requirement that a search warrant be obtained, if possible, rather than to the element of probable cause. As was said in the case of Henry v. United States, 361 U.S. 98, 104, 80 S.Ct. 168, 4 L.Ed.2d 134, the Carroll case, the leading case on the searching of automobiles without warrants, "liberalized the rule governing searches when a moving vehicle is involved. But that decision merely relaxed the requirements for a warrant on grounds of practicality. It did not dispose with the need for probable cause."

In United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, the test regarding the requirement that a search warrant be obtained if possible is declared to be a test of reasonableness under all the circumstances, rather than one of what hindsight may show to have been actually practicable. In the Rabinowitz case the Court made the following observations:

"A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a *sine qua non* to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant. Whether there was time

may well be dependent upon considerations other than the ticking off of minutes or hours. * * *

"It is appropriate to note that the Constitution does not say that the right of the people to be secure in their persons should not be violated without a search warrant if it is practicable for the officers to procure one. The mandate of the Fourth Amendment is that the people shall be secure against unreasonable searches. * * *

"The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case. It is a sufficient precaution that law officers must justify their conduct before courts which have always been, and must be, jealous of the individual's right of privacy within the broad sweep of the Fourth Amendment."

It does not appear from the record in this case how long the officers had the information upon which they acted at the time they posted themselves along the roadway. The record is wholly silent as to what opportunity or time they may have had to obtain a search warrant. The burden of establishing these matters rests upon the defendant. It does appear that the information was that the defendant customarily made the run two or three times a week, but it does not appear that the time of the defendant's appearance was known for any day other than the day upon which the search and seizure was made. Whether the officers had reasonable time or opportunity to procure a search warrant for this time and this day cannot be determined. In short, the defendant has failed to carry the burden of establishing either that the search was unreasonable or that it was reasonable or practicable for the officers to obtain a search warrant.

The same facts and circumstances as would justify the search and seizure in this case would likewise justify the arrest

**930**

of the defendant. However, the validity of the search would not depend in this instance upon the validity of the arrest for the search cannot be properly regarded in this case as an incident to the arrest since the searching officer could not have known whether the arrest would be effected or not at the time of the search. At the time of the search the defendant was fleeing. An arrest for transportation or possession need not precede the search. United States v. Gilliam, 6 Cir., 189 F.2d 321.

Likewise it is not significant that the defendant was not immediately present at the time of the search of the automobile, he having fled and been pursued on foot by one of the officers. If the searching officer had probable cause to search the automobile before the defendant fled, he had all the more cause after such flight.

The motion to suppress will therefore be overruled.

### ON MOTION TO REHEAR AND RECONSIDER

Upon December 29, 1961, an opinion was filed by the Court overruling the defendant's motion to suppress evidence. Thereafter the defendant filed a motion to reconsider and a motion to be permitted to reopen the hearing. The Court allowed the motion to reopen the hearing and upon January 29, 1962 the defendant conducted a further cross-examination of the witness, John McKnight.

From the additional examination of Mr. McKnight, it appears that he had received *information about one week before* the arrest of the defendant with regard to his hauling illicit whiskey. This information, from a source considered reliable, was to the effect that the defendant was making several trips per week into Chattanooga hauling whiskey, driving an old model Mercury automobile, the automobile not being further described. The informant of known reliability did not give any information as to the road the defendant would travel, the day of any run, nor the time of day of any run.

It is the opinion of the Court that this additional information does not in any way modify the former opinion and holding of the Court. It still does not appear in the record that it was feasible, reasonable or practical for the federal agents to obtain a search warrant upon the day and at the time and place the search was made. The burden of showing this is upon the defendant. The motion to reconsider will therefore be overruled.

An order will enter accordingly.