UNITED STATES of America, Plaintiff-Appellee,

v.

Ollie Gus MATHIS, Defendant-Appellant.

No. 14700.

United States Court of Appeals Sixth Circuit.

Feb. 8, 1962.

John H. Reddy, U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

Dale M. Quillen, Nashville, Tenn. (Philip M. Carden, Nashville, Tenn., on the brief), for defendant-appellant.

Before CECIL and WEICK, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Tennessee, Northeastern Division, denying the appellant's motion to suppress evidence.

The evidence in question consisted of one hundred sixty-eight (168) gallons of non-tax-paid whiskey, which was found by a revenue agent in the car the appellant was driving, after a chase of about eight miles. This whiskey weighed about a ton and was stacked in the trunk and front and back seats of the car. In the chase the revenue agent bumped the rear of the appellant's car several times, in an effort to get him to stop.

The question is whether the revenue agent had probable cause to believe that the appellant was committing a felony in order to justify the arrest of the appellant and the search and seizure of the automobile, without either a warrant or a search warrant.

The trial judge conducted a hearing on appellant's motion to suppress evidence. He found that the revenue officer did not bump the appellant's car until after he had identified him and believed that he was illegally transporting liquor. As is evidenced by his opinion and findings of fact, the trial judge considered all of the claims of the appellant and carefully weighed the testimony of the witnesses. Upon consideration of all the evidence, the trial judge found that there was sufficient evidence to constitute probable cause to warrant the arrest of the appellant and a search of his car. We are of the opinion that this conclusion is supported by substantial evidence and is not clearly erroneous.

United States v. Fowler, 136 F.Supp. 926, D.C., affirmed 229 F.2d 215, C.A. 6; United States v. Gilliam, 189 F.2d 321, C.A. 6; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

We find no merit to appellant's claim that the court erred in not granting his

request to call certain witnesses at government expense to testify upon the renewal of his motion to suppress evidence. There was no abuse of discretion in this respect.

The trial judge gave proper consideration to the evidence with respect to burden of proof and correctly ruled on the question of the admissibility of the transcript of the preliminary hearing in evidence. He permitted the use of the transcript for impeachment purposes in accordance with the accepted rules of evidence.

The judgment of the District Court is affirmed.