**Talmadge Eugene HURST, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19653.**

United States Court of Appeals
Ninth Circuit.

April 21, 1965.

Richard Tatus, San Diego, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Sec., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and POWELL, District Judge.

PER CURIAM.

There is but one question before us, namely: Was appellant denied a fair trial when the court refused to require disclosure of an informant's name?

Appellant was charged with the illegal importation of eighty-six pounds of marijuana (21 U.S.C. § 176a). He was found guilty on each of two counts and sentenced to ten years on each count to run concurrently.

The facts are contained in a seven page "Condensed Narrative Statement of Evidence" (Tr. pp. 13–19).

Appellant states in his Brief, p. 6:

"In this appeal the Defendant raises no issue relative to the right of the customs officers to search the vehicle the Defendant was driving. He raises no issues of probable cause for that search and, consequently, no issue regarding the reliability of the informant. The only issue tendered is his right to a fair trial."

Thus appellant equates "a fair trial" with the requirement that the government name the informant who gave the government information concerning the marijuana in the appellant's car when it crossed the border.

■ Admittedly, there is no fixed rule with respect to such disclosure. There is involved a balancing of the public's interest in stopping criminal acts and preventing wrongdoing (and the disadvantage inherent in any disclosures of an informant's identity) and the individual's right to prepare his defense. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

That disclosure of an informant's name, particularly in a border-crossing case involving narcotics, can have grave consequences is a truism. Amaya v. United States, 247 F.2d 947, 953 (9th Cir. 1957); United States v. Estep, 151 F.Supp. 668 at 673 (N.D.Tenn.1957).

In Roviaro, supra, the informant was a participant in the crime. That the informant was such here is mere hopeful guessing on appellant's part.

That an informant who had participated in the crime would give information which would insure failure of the crime is unlikely.

Thus the facts here are not similar to those in the Roviaro case. In Roviaro there was charged a sale of narcotics to "one John Doe" in Count I; sole possession thereof in defendant in Count II.

■ Here there was an illegal importation charge of marijuana in Count I; the concealment thereof in Count II. Each was an act not necessarily involving the conduct of one other than the named defendant. The defendant Hurst was charged alone in the counts now before us. In Count I in Roviaro another person (the seller) was necessarily involved. Naming him might have aided Roviaro; at least the latter would know with whom it was alleged he had made a sale. There is less likelihood, and in fact little likelihood, that it would here be of aid to defendant Hurst. It seems fair to state, as the government charges, this seeking of a name appears to be merely "a shot in the dark."

Cf. discussion in Jones v. United States, 326 F.2d 124 (9th Cir. 1963), cert. denied 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 499 (1964); Bruner v. United States, 293 F.2d 621 (5th Cir.), cert. denied 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961); Pegram v. United States, 267 F.2d 781, 782 (6th Cir. 1959).

This case, of course, has to do with a border search. (See concurring opinion of Judge Duniway, Jones v. United States, 326 F.2d at 130.)

The right to search at the border in no way depended upon the reliability of the tip. 19 U.S.C. § 482.

Nor do we find any abuse of discretion in the court's ruling *after* it had gauged and evaluated the defendant's unlikely and "unbelievable" story. Appellant urges that the district court found him guilty and then disbelieved his testimony. The opposite took place. The district court disbelieved the appellant's story; determined that his "explanation" cast no doubt on his guilt, and then found the appellant guilty based on the evidence existing against him. There is no inherent unfairness in this procedure.

We affirm.