Richard L. **COOK**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19933.**

United States Court of Appeals
Ninth Circuit.

Dec. 23, 1965.

Claude Vibart Worrell, Sr. of Worrell, Miller, Whitaker & Niles, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van DeKamp, Asst. U. S. Atty., Chief, Criminal Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Criminal Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

Appellant, with the three codefendants hereinafter named, was charged in Count I with conspiracy to smuggle marijuana into the United States, and to conceal or transport it therein. Count II charged defendant Escobedo with smuggling marijuana into the United States, and defendant Cook and co-defendants Da Costa and Johnson with aiding and abetting.

The case against Johnson was dismissed at the close of the government's case. The case against Da Costa was dismissed at the close of all evidence. The record does not disclose why Escobedo was not on trial.

Jurisdiction existed below pursuant to 21 U.S.C. § 176a, 18 U.S.C. § 2, and § 3231, and exists here pursuant to 28 U.S.C. § 1291.

Errors alleged are five in number: (1) the refusal to grant paragraphs four and five of appellant's demand for a bill of particulars (further overt acts); (2) the refusal to grant a mistrial on the government's opening statement; (3) the refusal to disclose the name of the government informer; (4) the insufficiency of the evidence to support the conviction; and (5) the refusal to grant a motion for acquittal.

This case arose out of the unlawful importation by automobile, driven by defendant Escobedo, across the international border line between the United States and Mexico, at 9:00 P.M. on July 26, 1964, of fifty-four packages (ninety-two pounds) of marijuana. (Gov. Ex. 1) Appellant was not present at the border when the marijuana came across in Escobedo's Cadillac car. The search of the automobile at the border not only revealed the marijuana hidden therein, but a road map in the glove compartment, with two "X"s marking certain street locations near the city of Los Angeles. The Cadillac, with one package of marijuana still therein, was driven that night by custom officers to where one "X marked the spot" (908 Victor Street, Inglewood, California), and the automobile parked, and placed under surveillance.

At 2:00 P.M. on the next day—July 27th, 1964—a second Cadillac, 1963 model approached the older parked Cadillac from the north; with defendant Da Costa driving, defendant Johnson in the front passenger seat, and defendant Cook in the rear seat. The second Cadillac paused beside the parked auto, then proceeded past it in a southerly direction. Shortly thereafter it returned and pulled abreast of the parked car. Appellant got out and entered the parked car, got out and walked to the second Cadillac, and then, with Da Costa, walked back to the parked older Cadillac, and Cook again entered it. When officers approached, the defendant Cook hurriedly left the parked auto, leaving the motor running, and *ran* north on Victor Street. When called upon to stop, he did; returned to the parked Cadillac and surrendered two marijuana cigarettes (Ex. 3) and two ordinary cigarettes, to the arresting officers.

The parked Cadillac was not an auto previously unknown to appellant, nor was the area where it was parked strange to him. He admitted he had told defendant

Johnson that he (Cook) knew of an auto for sale (Tr. 155); that he would take Johnson to where it was parked; that he (Cook) was responsible for returning it to its owner, one Jake Du Bois. The latter had been seen by appellant two days before the arrest, but defendant Cook had never found Du Bois after the arrest so that he could be at the trial. There was testimony the car was registered to Fred Du Bois, a brother of Jake. Cook had worked on three houses in the area where the car was parked, and constructed the building at 908 Victor Street. Defendant Cook admitted he had driven this car before (Tr. 156). Jake had told him the keys to the car were in the ashtray. Cook denied he had admitted to Agent Eyman he (Cook) had driven this Cadillac from Los Angeles to Tijuana, Mexico, leaving it there (Tr. 163), all as Agent Eyman testified. (Tr. 98)

The customs officer testified he had received information from an informant that defendant Cook would drive this particular auto across the border, transporting marijuana. It was for this reason the vehicle was thoroughly searched.

Appellant demanded the name of the informer. The court declined to order the officers to reveal the informer's name, but they did testify he was neither Jake nor Fred Du Bois; nor any person residing in Los Angeles County.

■ Appellant's first point with respect to the government's failure to allege additional overt acts in reply to a demand for a bill of particulars, is without merit.

■ A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case. Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).

■ The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense, and enable him to prepare an adequate defense. Remmer v. United States, 205 F.2d 277, 281 (9th Cir. 1953); United States v. Caserta, 199 F.2d 905 (3rd Cir. 1952).

■ The granting or refusing to grant a bill of particulars is a matter within the sound discretion of the trial court. Medrano v. United States, 285 F.2d 23 (9th Cir. 1960); Rodella v. United States, 286 F.2d 306, 310 (9th Cir. 1960).

No abuse of discretion appears in this instance.

■ The court's refusal to require the naming of the informer against appellant is likewise not error. The informer had no part in the crime, because all defendants participating were arrested and charged. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Jones v. United States, 326 F.2d 124, 127 (9th Cir. 1963); Hurst v. United States, 344 F.2d 327 (9th Cir. 1965); Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965, decided November 29, 1965).

■ There was ample evidence, outlined above, to convict the appellant of aiding and abetting a conspiracy to smuggle marijuana across the border, and to justify the court's refusal to deny appellant's motion for acquittal. In other words, there was ample substantial evidence, direct and circumstantial, authorizing a trier of fact to convict.

■ This brings us to the second and fifth points, and the most difficult question raised by appellant—the refusal to grant a mistrial on the government's opening statement, or a motion for acquittal.

This issue arose when government counsel stated:

"We also will show that on an earlier date, approximately May 23, Mr. Cook's pick-up truck was viewed by officers, and at that time his pick-up truck had marijuana seeds in the bed of the truck." (Tr. 14, lines 12–15.)

We assume that government counsel made this statement in good faith. He did not take it up at the side-bar, how-

ever, outside the presence of the jury. (Tr. 77–78) He suggested that codefendant Da Costa's previous possession "might go more to knowledge" of the defendant Da Costa, but, as the court immediately pointed out, "defendant Da Costa had never denied that he knew what marijuana is." The previous possession as to Da Costa was then dropped, and the court, outside the jury's presence, discussed defendant Cook's alleged previous possession of marijuana (Tr. 80–81) on or about May 20, 1964 (the corrected date). The offer of proof disclosed the truck was parked "in the open" "at the International Airport in Los Angeles"; and there was allegedly "about four seeds" of marijuana on. the truck bed. The trial court immediately ruled any such testimony was not admissible.

Why the government, thinking in good faith the testimony was admissible, chose the dangerous path of referring to it in the opening statement, rather than by the usual route of an offer of proof outside the jury's presence, is difficult to understand. (1) Defendant Cook admittedly knew what marijuana was, and what its use was. (He admitted having two marijuana cigarettes on him at the time of arrest.) (2) The appellant was charged with aiding and abetting the smuggling of marijuana across the border—not the crime of possession within the United States. (3) The vehicle containing the four seeds had no connection with the vehicle involved in the smuggling episode.

We have concluded under all the circumstances present in this case, that while error was committed, it was harmless error. Rule 52(a). We come to this conclusion because:

(a) No objection was made by appellant's counsel at the time the statement was made, although a motion for mistrial was made after both the court and government counsel had advised the jury that "what counsel may say in either opening statement or argument is not evidence." The motion for mistrial made but a passing reference to Cook's alleged possession (Tr. 17, ll. 15–19) and was largely devoted to Da Costa's alleged possession.

(b) Appellant's main thrust on appeal is that if the government had been required to show appellant's counsel the four seeds for "inspection," then counsel would have had "an opportunity to object" or to move for suppression on grounds of illegal search. Neither inspection nor illegal search had anything to do with, nor could they affect, the strength or weakness of appellant's objection. Never did appellant object upon the ground it was an attempt to prove another, or different, crime.

(c) The trial court offered to instruct the jury, and did (in the precise manner counsel for defendant Cook desired him to do), with respect to the jury's duty to disregard the opening statement reference to Cook's possession of marijuana. (Tr. 116)

(d) At the conclusion of the evidence, the court carefully and adequately instructed the jury on the subject in general terms, without specifically recalling the objectional facts to the jury's mind. (Tr. 238)

(e) The defendant Cook was not a stranger to marijuana, or to its possession, as disclosed by evidence in this case. He sought, as part of his own defense, to prove he had marijuana cigarettes on him at the time of his arrest. This excused, to his mind, the inference of flight from the parked auto. It also softened any charge he had previously had "about" four marijuana seeds on his truck bed.

■ (f) We must presume that the jury followed the court's instruction, Shotwell Mfg. Co. v. United States, 371 U.S. 341, 367, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Farrell v. United States, 321 F.2d 409, 419 (9th Cir. 1963); Green v. United States, 282 F.2d 388, 390 (9th Cir. 1960), and are not permitted to assume the contrary. King v. United States, 279 F.2d 342, 344 (9th Cir. 1960).

(g) Had there been objection upon the ground there was an attempt by the prosecution to prove a previous crime

(rather than an act in the year-long conspiracy charged to have existed from July 27, 1963 to July 27, 1964), it is not certain that the evidence *was* inadmissible. Evidence of a previous similar and related offense (whether the criminal act charged or an overt act done during the conspiracy period) is at times admissible, under proper instructions, to show intent, design, knowledge, or lack of innocent purpose—a "pattern of conduct" relevant to the issue of intent. Medrano v. United States, 285 F.2d 23, 24–26 (9th Cir. 1960), cert. denied 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258 (1961).

And such evidence of previous possession to show knowledge has been upheld even without cautionary instructions. Wright v. United States, 192 F.2d 595, 596, 13 Alaska 513 (9th Cir. 1951). And see discussion in: Enriquez v. United States, 314 F.2d 703, 714–717 (9th Cir. 1963).

Under all the circumstances of this case, we affirm the conviction.