**Barnaby Ashford BLOOMER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22585.**

United States Court of Appeals
Ninth Circuit.

April 9, 1969.

Herbert M. Porter (argued), Los Angeles, Cal., for appellant.

Mobley M. Milam (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE,* District Judge.

ELY, Circuit Judge:

Appellant Bloomer was convicted, in a jury trial, of having unlawfully received 225 pounds of contraband marihuana. 21 U.S.C. § 176a. He appeals, invoking our jurisdiction under 28 U.S.C. §§ 1291, 1294.

Bloomer makes four contentions: (1) The search which revealed the marihuana was unlawful; (2) The failure of the Government to disclose the identity of its informant denied the appellant of his right to confrontation; (3) The jury commissioner failed to meet his affirmative duty to insure that the jury panel represented a cross-section of the community; and (4) The Government's proof was insufficient to support conviction. The contentions are ill-founded; hence, we affirm.

The facts can be briefly summarized. On January 6, 1967, Customs Agent Gates received a telephone call from an informant who warned that a 1958 blue Oldsmobile automobile, license number YWR-583, would cross the Mexican border at San Ysidro, California that afternoon. While Agent Gates did not learn who would be driving the automobile, he was informed that the car would likely contain marihuana and that it would probably be left parked somewhere in the San Ysidro area.

At about six o'clock that evening, Agent Gates observed an Oldsmobile with the suspect license number enter the United States. Gates, accompanied by several agents, followed the car to a laundromat in San Ysidro where it was parked. Shortly after the occupants of the vehicle entered the laundromat, the agents observed Bloomer approach the car, stop beside it, enter it, and apparently prepare to drive away. At this point, the agents interrupted Bloomer, searched the vehicle, and upon their discovery of marihuana hidden behind the door panels, made the arrest.

In attacking the legality of the search, Bloomer insists that probable cause for

* Honorable William M. Byrne, Sr. United States District Judge, Los Angeles, California, sitting by designation.

the search was not shown and, for that reason, the search infringed his fourth amendment rights. He recognizes that "border searches" do not require a showing of probable cause but contends that the search was not a "border search" and, alternatively, that the "border search" rule is unconstitutional insofar as it includes no probable cause requirement.

■■■ Both contentions lack merit. No useful purpose would be served by repetition of language by which we have often explained why the probable cause requirement is not applicable to "border searches." See, e. g., Witt v. United States, 287 F.2d 389, 391 (9th Cir.), cert. denied, 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242 (1961). Therefore, in order to deal with the appellant's fourth amendment claims, we need only consider whether the search in question was a "border search." In Alexander v. United States, 362 F.2d 379 (9th Cir.), cert. denied, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed. 2d 439 (1966), our court defined the test of whether a search not made in the immediate vicinity of the border is a "border search" as follows:

"(T)he legality of the search must be tested by a determination whether the totality of the surrounding circumstances, including the time and distance elapsed as well as the manner and extent of surveillance, are such as to convince the fact finder with reasonable certainty that any contraband which might be found in or on the vehicle at the time of search was aboard the vehicle at the time of entry into the jurisdiction of the United States. * * *"

Id. at 382. Here, the Oldsmobile was under constant surveillance from the time it crossed the border, it had traveled no great distance before it was searched, and the concealed marihuana was discovered behind the panels attached to the car doors. After the vehicle crossed the border and until it was searched, no person entered it except Bloomer, and he was allowed no sufficient time to deposit

the contraband in the place of its discovery. Under these facts and the test of Alexander, the search was a permissible "border search," and the seizure was appropriate.

■■ Bloomer's argument that the Government had no right to refuse to identify its informant is closely aligned with his contention that a showing of probable cause should have been required. Holding as we do that the Government was not required to establish probable cause to justify its search of the automobile, the reliability of the informant was not in issue. Jones v. United States, 326 F.2d 124, 130–32 (9th Cir. 1963), cert. denied, 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 499 (1964). Since there is not the slightest indication that the informant was a participant or a witness to the crime for which Bloomer was tried and convicted, we cannot see that the informant's identity might possibly have aided the defense. See Hammond v. United States, 356 F.2d 931 (9th Cir. 1966); Cook v. United States, 354 F.2d 529 (9th Cir. 1965); Hurst v. United States, 344 F.2d 327 (9th Cir. 1965). Compare Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968). Accordingly, the argument which Bloomer bases upon the Sixth Amendment is also rejected.

■■■ In his contention that the jury commissioner failed to insure that the jury panel represented a cross-section of the community, Bloomer does little more than state an unsupported conclusion. This avails him nothing, as the burden to prove such alleged discrimination rested upon him. Swain v. Alabama, 380 U.S. 202, 209, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The record discloses that the jury commissioner, while perhaps not aware of the precise statistical make-up of the community, was nevertheless, knowledgeable as to the many social, economic, and ethnic groups within the community and fairly attempted to insure that the jury lists included members of these groups. Bloomer, on the other hand, offered no data tending to prove

systematic exclusion of any identifiable group within the community.

 The appellant's last argument is destroyed by the record. The evidence supports the conviction.

Affirmed.