**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Ted Frederick WILLIAMS, Defendant-Appellant.**

**No. 23675.**

United States Court of Appeals, Ninth Circuit.

March 9, 1970.

Rehearing Denied April 8, 1970.
Certiorari Denied June 22, 1970.
See 90 S.Ct. 2198.

Luke McKissack (argued), Hollywood, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and WHELAN,* District Judge.

PER CURIAM:

On his appeal from his conviction for smuggling marihuana in violation of 21 U.S.C. § 176a, Williams contends that: (1) Section 176a is unconstitutional because compliance with the federal statutes that would have legalized his importation of marihuana would have subjected him to incrimination under state laws penalizing possession of marihuana; (2) the uncorroborated testimony of his accomplice, Knight, was insufficient to sustain his conviction; and (3) the denial of his motion to disclose the informer's identity was prejudicial error.

His first contention has been rejected by this circuit in cases decided after his briefs were filed. (United States v. de Polanco (9th Cir. 1970) 422 F.2d 1304; Witt v. United States (9th Cir.) 413 F.2d 303, cert. denied (1969) 396 U.S. 932, 90 S.Ct. 272, 4 L.Ed.2d 230.)

If Williams' second contention is that the uncorroborated testimony of an accomplice is never sufficient to sustain a conviction, the contention has been often answered adversely to him. (*E. g.*, Suhl v. United States (9th Cir.) 390 F.2d 547, cert. denied (1968) 391 U.S. 964, 88 S.Ct. 2035, 20 L.Ed.2d 879; Moody v. United States (9th Cir. 1967) 376 F.2d 525.) If the contention is merely that Knight's testimony was insufficient, the record does not support the contention. Knight's testimony was not incredible or unsubstantial on its face; nor was it wholly uncorroborated. The case was a proper one for submission to the jury.

His last contention requires more discussion. A customs officer, Jackson, testified that there had been relayed to him by another customs officer, Greppin, information received by Greppin from an informant. The informant was said to have told Greppin that he had seen part of the loading of marihuana into the concealed panels of a specifically described Jaguar. The informant told Greppin that the informant had not assisted in the loading or otherwise participated in the arrangements for shipping the marihuana. The informant also said that he had seen the Jaguar at a known narcotic dealer's house in Tijuana, Mexico. The Government stipulated that the informer at no time observed Williams on the day in question. The Jaguar belonged to Williams. When Williams' codefendant, Knight, drove the loaded car to the border, customs officers, relying on the relayed information, searched the vehicle and found 40 pounds of concealed marihuana. Williams' motion to disclose the identity of the informer was denied.

Under Roviaro v. United States (1957) 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, there is no fixed rule in respect of such disclosure, but a balancing test molded to fit the circumstances of the case. We

---

* Hon. Francis C. Whelan, Judge, United States District Court, Central District, California, sitting by designation.

have concluded that there was no error in denying Williams' motion to disclose, because we are unable to say that the disclosure would have been "relevant and helpful" to Williams' defense. The informant did not participate in any way in the offense. By stipulation, the informant never saw Williams on the crucial day. Nothing other than speculation suggests that the informant's testimony could have been used to impeach Knight's testimony, because that testimony and the aspects of the informant's story revealed by Agent Jackson were reconcilable. Williams thus failed to carry his burden of showing a basis for requiring disclosure of an informant's identity. (*E. g.*, Lannom v. United States (9th Cir. 1967) 381 F.2d 858, cert. denied (1968) 389 U.S. 1041, 88 S.Ct. 784, 19 L.Ed.2d 833; Alexander v. United States (9th Cir.) 362 F.2d 379, cert. denied (1966) 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439; Hurst v. United States (9th Cir. 1965) 344 F.2d 327.)

The judgment is affirmed.