47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. TURNER, Defendant-Appellant.
 No. 94-5080.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: CONTIE, RYAN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Michael D. Turner, appeals the order denying his motion to suppress evidence after he pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1).
 
 I.
 
 2
 On July 19, 1991, an officer of the Chattanooga police department, patrol officer Tommy Woods, was driving his patrol car in the Alton Park area, working the 2 p.m. until 11 p.m. shift. Alton Park is a high drug trafficking area in Chattanooga, Tennessee. At about 8 p.m., while it was still daylight, Officer Woods saw defendant standing at the driver's door of a car with a plastic bag of white powdered substance in his hand. There was a person in the car on the driver's side. Defendant had his hand stretched out flat, just outside the window, showing its content to the driver. Officer Woods saw a plastic bag containing a white powdery substance in defendant's hand. Officer Woods drove up to the back of the car, which was parked in a parking lot, and got out of his vehicle. As soon as defendant saw Woods approaching him, defendant stuffed the substance down in his shorts. Officer Woods approached defendant and told him to take the bag out of his pants. Defendant complied with this order. Officer Woods then arrested defendant and subsequently recovered approximately $600 in United States currency from him. The substance tested positive for cocaine--24 grams in the form of rocks and powder.
 
 
 3
 On July 27, 1993, defendant Turner was indicted in a one-count indictment for possession with intent to distribute cocaine powder and cocaine base (crack) in violation of 21 U.S.C. Sec. 841(a)(1). Defendant pled not guilty and was released on a surety bond until the trial. While on bond he tested positive for cocaine and his bond was revoked. He was then electronically monitored.
 
 
 4
 On September 27, 1993, defendant filed a motion to suppress evidence. On October 8, 1993, a suppression hearing was held and the motion was denied. On October 15, 1993, defendant then entered a conditional plea of guilty, retaining his right to appeal the denial of his motion to suppress. On January 4, 1994, defendant was sentenced to a term of imprisonment of 60 months. Defendant has filed a timely motion to appeal.
 
 II.
 
 5
 On appeal defendant argues that the warrantless search of him was not supported by probable cause and therefore the contraband seized should have been suppressed. At the suppression hearing, defendant argued that the police did not have probable cause to believe that the package he possessed contained drugs until after he was, in effect, searched when the officer ordered him to take the bag with the white substance in it out of his pants and then examined it. Defendant argues that whether there was probable cause to search or seize the contraband depends on whether Officer Woods had probable cause to believe that the package Woods observed in defendant's hand contained drugs before he asked defendant to get the packages out of his pants. Defendant argues that Woods did not have probable cause to believe the bag contained drugs because Woods' observations were made from a distance of at least a car length away, the bag at issue was very small, and the amount of white powder at issue was less than one ounce. Therefore, Officer Woods could not have seen enough to believe that the bag contained cocaine. Defendant argues that at best these facts give rise to a mere suspicion that drugs were present, and that he could not be searched or the drugs seized without probable cause.
 
 
 6
 We review the district court's factual determination that probable cause existed for this seizure under the clearly erroneous standard. Conclusions of law are reviewed de novo. United States v. Garza, 10 F.3d 1241 (6th Cir.1993); United States v. Pepple, 707 F.2d 261, 263 (6th Cir.1983); United States v. Mathis, 298 F.2d 790 (6th Cir.), cert. denied, 370 U.S. 947 (1962). In reviewing a denial of a motion to suppress, the court must view the evidence in the light most favorable to the prosecution. United States v. Garza, 10 F.3d at 1245.
 
 
 7
 We believe that in the totality of the circumstances, Officer Woods had probable cause to seize the contraband. Alton Park is a high drug trafficking area in Chattanooga, Tennessee, and Officer Woods was experienced in observing drug transactions. He was familiar with the appearance and packaging of cocaine powder and cocaine base because he had worked as an undercover agent in drug-buying operations and had participated in searches on a number of occasions. Moreover, defendant's actions were consistent with those of someone engaged in a drug deal. He was standing outside someone else's car, talking to them and holding up to the window of the car a small plastic bag which contained white powder. Given what Officer Woods knew about the neighborhood and his past experience with drug deals, it was more probable than not that the package contained drugs. Even if one could argue that at this point there was just reasonable suspicion that it was cocaine, when defendant stuffed the bag in his pants as soon as he saw a police officer approach, this action definitely gave rise to probable cause to believe the bag contained drugs. One would not expect a person who was merely holding a bag of white headache powder, for example, to attempt to hide it from the police by stuffing it into one's underwear.
 
 
 8
 The test to determine if Officer Woods' plain view of the white substance provided sufficient probable cause is whether the criminal nature of the seized object was immediately apparent in light of the officer's particular experience. Texas v. Brown, 460 U.S. 730, 742-43 (1983); United States v. Szymkowiak, 727 F.2d 95, 97 (6th Cir.1984). Considering Officer Woods' training and experience, we believe it was immediately apparent to him that defendant possessed cocaine. An officer can justifiably rely upon his training and experience in asserting whether criminal activity is occurring. Texas v. Brown, 460 U.S. at 742-43. In the present case, it was immediately apparent that the substance was contraband when defendant quickly stuffed the bag into his shorts. This action indicated that the substance, which looked like cocaine, was not a legal substance and made it more likely than not that it was an illegal substance, given the fact that this activity occurred in an area known for drug trafficking. Since Officer Woods had experience in observing cocaine and knew how it was packaged by drug dealers, he reasonably believed that this substance was cocaine once defendant engaged in these furtive actions that were consistent with drug dealing activity.
 
 
 9
 For these reasons, defendant's argument that the substance could just as easily have been Goody's Headache Powder has no merit. Given the circumstances, there was a stronger probability that the substance was contraband. The court in Texas v. Brown, 460 U.S. at 743, held that when an officer observed opaque balloons on the defendant, he had probable cause to arrest the defendant for possession of heroin, because, by his training, he knew that this was a common method of packaging heroin. In a similar manner, the officer in the present case, by his training, had probable cause to believe that the package contained cocaine.
 
 
 10
 To conclude, in the present case, the cocaine in defendant's hand was contraband in plain view in a public place, which an officer may seize without violating the Fourth Amendment. Arizona v. Hicks, 480 U.S. 321, 326 (1987). Such a seizure may occur without a warrant. Payton v. New York, 445 U.S. 573 (1980). The trial court was not clearly erroneous when it concluded that there was probable cause for Officer Woods to believe the white powdery substance in defendant's hand, which he quickly hid in his shorts, was cocaine. Therefore, the district court did not err in denying defendants motion to suppress and the judgment of the district court is hereby AFFIRMED.