NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0589n.06
Filed: July 12, 2005

No. 04-5871

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee

v.

DORMINIC THOMAS,

     Defendant-Appellant

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

_____/

Before:      MARTIN and ROGERS, Circuit Judges, and MCKINLEY, District Judge.[*]

     JOSEPH H. MCKINLEY, JR., District Judge. The defendant, Dorminic Thomas, appeals

the district court's denial of his motion to suppress cocaine seized at the scene of his arrest, after

entering a conditional guilty plea to possession with the intent to distribute in excess of fifty

grams of cocaine base. Thomas also appeals his sentence as a career offender, claiming that he

should not have been sentenced under the career offender provisions of § 4B1.1(a) of the United

States Sentencing Guidelines, as this required findings by the sentencing court that were not

---

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western
District of Kentucky, sitting by designation.

submitted to a jury and proved beyond a reasonable doubt. Although we reject Thomas's appeal

of the denial of his motion to suppress and the appeal of his sentence, we find that the imposition

of the mandatory sentencing guidelines was not harmless error because Thomas was sentenced at

the low end of the guideline range. Accordingly, we VACATE Thomas's sentence and

REMAND the case for resentencing under the advisory guidelines.

## I.

On December 3, 2002, at approximately 5:00 p.m., Memphis Police Officers Oliver and

Adams arrived at an address in Memphis, Tennessee to investigate a report of drug sales at that

residence. The officers intended to conduct a "knock and talk" operation in response to the

complaint; that is, to knock on the door and attempt to question the occupants. While at the

address, the officers observed a blue Mustang pull into the driveway.

Both of the police officers and Thomas testified at the suppression hearing held on

September 11, 2003, and gave very different accounts of the subsequent events. Officer Oliver

and Officer Adams both testified that as they approached the Mustang, the driver's door was

open, the interior light was on, and the driver, Thomas, was on a cell phone. Officer Oliver

further testified that as he approached Thomas and attempted to speak with him, he observed a

clear plastic bag with a rock-like substance inside, which Thomas attempted to stuff into his

pants. Officer Oliver immediately identified the substance as crack cocaine and proceeded to

arrest Thomas. Thomas, testifying in his own behalf, gave a very different account of the events.

He testified that the car door was closed, the windows tinted, the car unlit, and that the cocaine

was only found after the police had checked his license and pulled him from the vehicle.

The district court denied Thomas's motion to suppress. Choosing between two conflicting accounts, the court credited the testimony of the officers, finding that the crack cocaine was in plain view and that Officer Oliver had sufficient experience to immediately identify the substance in the bag as contraband. Therefore, the district court denied the motion to suppress, as Officer Oliver had probable cause to seize the cocaine and arrest Thomas.

Thomas later reached a conditional plea agreement with the Government, allowing him to appeal the motion to suppress. The details of the plea agreement were stated orally in open court. At sentencing, the district court found that Thomas was a career offender under § 4B1.1(a) of the United States Sentencing Guidelines based on two prior state court convictions for controlled substance violations. Thomas's resulting guidelines range, after a two-point reduction for acceptance of responsibility, was 292 to 325 months. Thomas objected to the imposition of the career offender enhancement as unconstitutional, citing *Blakely v. Washington*, 124 S.Ct. 2531 (2004). The district court rejected Thomas's constitutional objection to the guideline sentence and sentenced him to 292 months in prison and five years supervised release, the low end of the guideline range.

## II.

### 1. Thomas's Motion to Suppress

We affirm the district court's denial of Thomas's motion to suppress. The factual findings of the district court are reviewed for clear error in the light most favorable to the government; legal conclusions are reviewed de novo. *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (en banc) (citations omitted).

Here, the district court denied Thomas's motion to suppress under the "plain view" exception to the warrant requirement after a hearing at which the officers and Thomas testified. Under the "plain view" exception, a Government agent may seize an object without first obtaining a warrant if the object is: "(1) in plain view; (2) of a character that is immediately incriminating; (3) viewed by an officer lawfully located in a place from where the object can be seen; and (4) seized by an officer who has a lawful right of access to the object itself." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 549 (6th Cir. 2003) (quoting *United States v. Roark*, 36 F.3d 14, 18 (6th Cir.1994)). Although the witnesses gave different accounts, the district court credited the officer's testimony. The court found that the crack cocaine was in plain view on Thomas's lap as he sat in his car with the door open and that Officer Oliver was at a lawful vantage point and had lawful access to the object as he was walking up the driveway to knock on the door of the residence. Viewed in a light most favorable to the government, these factual findings are not clearly erroneous.

The district court also found that the incriminating nature of the evidence was immediately apparent to the officer. Thomas contends this finding cannot be supported as a matter of law in light of *U.S. v. McLevain*, 310 F.3d 434 (6th Cir. 2002). In *McLevain*, police were present in a home while searching for an escaped fugitive. While searching the home, officers found a twist tie, a cut cigarette filter, a spoon with residue, and a prescription bottle filled with a clear liquid. *Id*. at 437-38. This court held that there was nothing "intrinsically incriminating" about the items and accordingly, the officers should have procured a warrant. *Id*. at 442-43.

Thomas contends that *McLevain* should guide our analysis in this case. We disagree.

The incriminating nature of a plastic baggie containing a brownish white rock-like substance is

much more apparent than the incriminating nature of a twist tie and a cigarette filter. *McLevain*

noted that probable cause "does not require that the officers *know* that evidence is contraband.

Instead, 'probable cause is a flexible, common-sense standard. It merely requires that the facts

available to the officer would 'warrant a man of reasonable caution in the belief' that certain

items may be contraband or stolen property or useful as evidence of a crime.'" *Id.* at 441

(quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (citation omitted)).

We find that this case is more similar to *United States v. Turner*, No. 94-5080, 1995 WL

63156 (6th Cir. Feb. 14, 1995). In *Turner*, a police officer's warrantless seizure of cocaine was

upheld when the officer observed the defendant show a plastic bag containing white powder to

the driver of a parked car in a public lot. When the officer approached, the defendant stuffed the

bag into his shorts. The court upheld the seizure of the object under the plain view exception, as

the officer could "justifiably rely on his training and experience in asserting whether criminal

activity is occurring." *Id.* at *2 (citing *Texas v. Brown*, 460 U.S. at 742-43). Here, the district

court found that Officer Oliver's experience and the nature of the object were sufficient to give

Officer Oliver probable cause to believe that the brownish white rock-like substance in plain

view was crack cocaine and justified its seizure. We agree.

Thomas's argument that he was seized without probable cause when the two officers

approached his car is also without merit. Thomas argues that the approach of Officers Oliver

and Adams constituted an arrest because the police show of force and authority left Thomas

under the reasonable impression that he was not free to leave. *See California v. Hodari D.*, 499 U.S. 621, 625-27 (1991). However, as Officer Oliver noted in his testimony, the events happened very quickly. As Officer Oliver lawfully approached Thomas, he observed the plastic bag with a rock-like substance on Thomas's lap, Thomas stuffed the bag into his pants, and then attempted to flee. There was no show of authority nor submission to a show of authority sufficient to constitute a seizure between the approach of Officer Oliver and Officer Adams, the observation of the plastic bag, and Thomas's reaction. Thomas's reaction, coupled with Officer Oliver's observation of a rock-like substance, gave Officer Oliver probable cause to seize the contraband and arrest Thomas. Therefore, the district court did not err in denying defendant's motion to suppress.

*2. Resentencing*

At sentencing, Thomas also argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S. Ct. 2531 (2004) precluded the district court from classifying him as a career offender. Specifically, Thomas contends that the determination of whether his prior convictions were "controlled substance offenses" within the meaning of § 4B1.2 of the federal sentencing guidelines was a question for a jury. This argument is meritless. The Supreme Court has clearly excepted prior convictions from the Sixth Amendment jury requirement for sentencing enhancements. *U.S. v. Booker*, 125 S. Ct. 738 (2005). This remains the current state of the law. *U.S. v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005); *U.S. v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005); *U.S. v. Powers*, No. 04-5681, 2005 WL 977136 (6th Cir. Apr. 28, 2005).

Nevertheless, Thomas's sentence must be vacated and the case remanded for

resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005). First, we find that

Thomas sufficiently preserved for appeal his objection to the mandatory nature of the guidelines.

Even though Thomas's Sixth Amendment argument is without merit, his objection to the

guideline sentence was broad enough to preserve for appeal his challenge to the sentence based

on *Booker*. *See U.S. v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005) (raising *Blakely* at sentencing

sufficient to preserve for appeal the argument that career offender enhancement based on

application of guidelines as mandatory was error); *United States v. Labastida-Segura*, 396 F.3d

1140, 1142-43 (10th Cir. 2005) (same); *see also United States v. Antonakopoulos*, 399 F.3d 68,

76 (1st Cir. 2005) ("The argument that a *Booker* error occurred [i.e. "that the defendant was

sentenced under a *mandatory* Guidelines system"] is preserved if the defendant below argued

*Apprendi* or *Blakely* error or that the Guidelines were unconstitutional." (emphasis in original)).

Therefore, Thomas has preserved his argument, based on *Booker*, that the district court's

application of the guidelines as mandatory requires his sentence to be vacated and the case

remanded. Consequently, we review Thomas's claim under the harmless error standard.

Finally, Thomas's sentence must be vacated and the case remanded for resentencing

because the imposition of his sentence, based on a mandatory guideline scheme, was not

harmless error. "Under the harmless error test, a remand for an error at sentencing is required

unless we are certain that any such error was harmless – i.e. any such error 'did not affect the

district court's selection of the sentence imposed.'" *United States v. Hazelwood*, 398 F.3d 792,

801 (6th Cir. 2005) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

Here, the district court sentenced Thomas to the lowest acceptable sentence under the

mandatory guideline range calculation. This Court has recently held that a sentence at the bottom of the guideline range was sufficient to entitle the defendant to resentencing under a plain error analysis. *See United States v. Trammel*, 404 F.3d 397 (6th Cir. 2005). The Seventh Circuit, in a factually similar case, applied the harmless error standard and remanded for resentencing a defendant whose sentence was mandatorily enhanced as a career offender. *See Schlifer*, 403 F.3d at 854-55. The district court's sentence under a mandatory guideline structure was not harmless error, and we accordingly remand this case for resentencing in accordance with the advisory guidelines.

## IV.

For the foregoing reasons, we affirm Thomas's conviction, vacate his sentence, and remand the case for resentencing.