**Dallas Duane WELCH and Luther Joseph Manning, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 8574, 8575.**

United States Court of Appeals
Tenth Circuit.

May 20, 1966.

Robert S. Treece, Denver, Colo., for appellants.

H. Ralph Klemm, Salt Lake City, Utah (William T. Thurman, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

MURRAH, Chief Judge.

The appellants were jointly charged and tried and each convicted and sentenced for the interstate transportation of the same stolen automobile in violation of 18 U.S.C. 2312. The only question on this appeal is the validity of the search of the automobile and the seizure of evidence introduced against them in the trial of the case.

The pre-trial evidence in support of the motion to suppress "the motor vehicle * * * and all contents thereof" developed these pertinent facts. A Utah Highway Patrolman traveling south toward Moab, Utah, noticed appellant Manning traveling north. He was driving "very slow * * * approximately 35 to 40 miles an hour. His head was leaning over the left side. He looked like he was either asleep or drunk." The Patrolman made a U-turn, stopped the car, and asked Manning for his driver's license—he had none. He asked for a certificate of title—he had none. Manning had alighted and was standing either beside the car or to the rear when the officer reached through the window and took from the steering column a cellophane container. Upon examination, it appeared to be a promissory car note executed by a Frank Tucker in Kansas

City, Missouri. The instrument did not identify any automobile, and when Manning was questioned about it, he identified himself as Frank Tucker and told the officer that the instrument did not pertain to the car he was driving but to another he had previously owned. The officer then informed Manning that he was under arrest for driving without a license and investigation for car theft. The officer apparently walked around the car, opened the glove compartment and removed some papers among which were two old registration certificates for the years 1963 and 1964, but none for 1965. None of the registration certificates was in the name of Frank Tucker. The officer noticed appellant Welch lying in the back seat of the car apparently asleep. Upon inquiry, Manning first told the officer that Welch was his "buddy" and later said that he had "picked him up" down the road. When Welch was awakened, he told the officer that he didn't know Tucker and that Tucker had picked him up about 8 miles down the road and that he was "hitchhiking". Welch was then arrested for hitchhiking. Both were ordered to stand in the bar ditch near the road while the officer searched a handbag taken from the trunk of the car. The handbag bore Manning's name. Welch indicated that his name was Manning and that part of the contents of the bag belonged to him. The Patrolman then radioed to the County Sheriff's office, and a deputy came to the scene of the arrest. On further search the deputy found the certificate of title to the automobile "concealed up under the dash". The New Mexico certificate of title was issued to the Cummins Rio Grande in Albuquerque, New Mexico.

The trial court overruled the motion to suppress as to Manning on the ground that the search and seizure was incidental to a lawful arrest for probable cause. The motion to suppress as to Welch was overruled on the ground that as a hitchhiker in the automobile, he had no standing to complain of the search. As to Manning, the court was of the view that on the basis of his statement that he had no driver's license or registration certificate for the automobile, the Highway Patrolman had probable cause for believing that Manning had committed a misdemeanor in his presence and the arrest was lawful; that while the cursory search, i. e. reaching into the car and seizing the instrument on the steering column, amounted to a technical search and seizure before formal arrest, the arrest was not prompted by what the search revealed, but instead was predicated on a misdemeanor committed in the presence of the officer. The court was at pains to point out that the document taken from the interior of the automobile added nothing to the information already in the possession of the arresting officer except that it did confirm Manning's statement that he had no certificate of title. The court took the view that the subsequent search of the automobile, i. e., the search of the glove compartment and handbag, was incidental to the lawful arrest.

■■ We agree with the reasoning of the trial court and the application of the most recent search and seizure cases to these facts. The arresting oficer had reasonable grounds for stopping the car and inquiring of Manning concerning his driver's license and certificate of title. When he said he had none, the officer undoubtedly had probable cause for arresting him for driving without a license in violation of state law. As the trial court observed, the cursory search before formal arrest may be subject to some criticism, but it is plain that the formal arrest was not based upon what the cursory search revealed, but upon the driver's statement that he had neither driver's license nor certificate of title to the car he was driving. Having made a lawful arrest, the subsequent search of the contents of the car at the time and place of arrest was appropriately incidental thereto. See Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; Cf. Simpson v. United States, 10 Cir., 346 F.2d 291; Murray v. United States, 10 Cir., 351 F.2d 330.

■■ It is true, as appellant Welch suggests, the challenged search of the glove compartment of the car occurred prior to his arrest as a hitchhiker. The officer did not know his status at the time of the search. Indeed, it is not clear whether the officer even knew of Welch's presence in the car—he was lying in the back seat asleep. But, the driver had been arrested for operating a vehicle on the public highways without a driver's license or certificate of title. Since we hold the search of the glove compartment was reasonably incidental to Manning's lawful arrest, we do not think it is rendered unreasonable and the seized evidence inadmissible because the search was conducted before ascertaining that Welch was also in the automobile and that he was a hitchhiker. The evidence was entirely sufficient to support the verdict of the jury, and the judgments are affirmed.