**UNITED STATES of America**

v.

**Clifford Lynn BUCKNER.**

**Crim. No. 17543.**

United States District Court
E. D. Tennessee, N. D.

Dec. 16, 1968.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Jerome G. Taylor, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

Defendant, Clifford Lynn Buckner, is charged in a two-count indictment with violating the Internal Revenue Laws with respect to nontaxpaid whiskey.

The first count charges that the defendant on or about the 23rd day of August, 1968, possessed a quantity of distilled spirits within the jurisdiction of this Court required to be stamped under the provisions of Section 5205 (a) (2), Title 26, United States Code, the immediate containers thereof not having affixed thereto stamps evidencing the determination of the tax and indicating compliance with the provisions of the Internal Revenue Laws of the United States relating to distilled spirits.

The second count charges the defendant on the same date with transporting nontaxpaid whiskey.

Defendant has moved to suppress all of the evidence relative to the search and seizure of a white 1964 Ford four-door sedan on August 23, 1968 at approximately 10:30 p. m. by officers of the City of Knoxville since the search was made without a warrant and without probable cause and in violation of the defendant's constitutional rights.

Search warrant cases present difficult legal problems whether the search is made with or without a warrant. Ordinarily there is more justification for a search with a warrant than without. Under the present trend of search warrant law, and under the law as it now exists, it is very difficult, if not impossible, to make a search of a person's home without a search warrant. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

We are not dealing with a home in the present case, but with an automobile. The rule is not as stringent with respect to searches of automobiles as it is with respect to searches of homes. The reason for the difference in the rule for the search of automobiles was stated long ago in the old cases of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, and the reason is that if the officers are not permitted to search automobiles when probable cause exists that the driver of the automobile is guilty of a felony, both the automobile and driver will run away and the violator of the law will go unpunished.

In the present case, three police officers of the City of Knoxville, Officers Marshall, Riggs and Mase, received information from an informer whom they had known from one to seven years and whom they had used in previous illegal whiskey cases to get convictions against the law violator. These men have testified that they considered this informer reliable and trustworthy.

About forty-five minutes before the arrest, the informer stated that a tall, white man would drive up to the Sinclair Filling Station on the corner of Winona and Magnolia Avenue in a Pontiac automobile; that he would get out of the Pontiac automobile and get into a white 1964 Ford sedan; that he would take the Ford, drive it away and get a load of white whiskey, return with it to the filling station lot and park the Ford and get into the Pontiac automobile and drive away; and, that two Negro people would take the white 1964 Ford with Tennessee license No. LB–6555 and drive away.

The officers are not in agreement as to whether the informer stated that he had seen white whiskey in the Ford automobile previous to the occasion in question. Two of the officers stated positively that the informant told them that he had seen illegal white whiskey in the Ford car on previous occasions; the other stated in substance that the informer was not asked that question and did not say whether he had seen whiskey in the car before.

When the police officers arrived near the location described by the informer, they found the Pontiac car parked beside the filling station. When the Ford with license LB–6555 arrived driven by a tall, white man, all confirming what the in-

former had stated, the officers arrested the defendant, searched the car and found some 18 gallons of moonshine whiskey.

 If the officer has reasonable cause to believe that an automobile is carrying contraband whiskey, he has a right to search. United States v. Freeman, 382 F.2d 272 (C.A. 6, 1967); United States v. Thacker, 382 F.2d 732 (C.A. 6, 1967).

 In determining whether or not reasonable grounds for probable cause exist, the officer may take into account information received from an informant where the officer reasonably believes that the information is creditable, particularly when the informer has provided reliable information in the past. McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887.

Defendant's counsel relies upon the case of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 1964. That case involved a prosecution for the possession of marijuana. Defendant's house was searched where marijuana was found upon the information of an informant. The Court, speaking through Justice Goldberg, held that the search was illegal because the officers acted upon conclusion of the informant rather than upon facts.

Counsel with fervency and force says the officers in this case acted upon conclusions rather than facts and for that reason the motion should be sustained.

We do not agree. The informant stated positively that the tall, white man would appear in a Pontiac car on this filling station lot, get out of it and get into this white Ford with the license number previously given and would return with a load of whiskey in that Ford.

The officers had relied upon the information received from this informant in the past and the informant had proved to be reliable.

In the opinion of the Court, this was a valid search based on probable cause and in support of that opinion the Court, in addition to the cases previously cited, relies on two of its own cases, namely, United States v. Gilliam, D.C., 87 F. Supp. 808, and United States v. Fowler, a case that originated here in Knoxville, 136 F.Supp. 926 (D.C., 1954).

The Court has no other recourse than to hold the defendant guilty since the officers swore positively that they found 18 gallons of moonshine whiskey in the 1964 white Ford being driven by the defendant.