**UNITED STATES of America,**
**Appellee,**

v.

**Loyd Allen REID and James Rodney**
**Jones, Appellants.**

**Nos. 223–68, 224–68.**

United States Court of Appeals
Tenth Circuit.

Sept. 4, 1969.

Rehearing Denied Jan. 6, 1970.

---

Joe R. Boatman, Muskogee, Okl., for appellant Reid.

Bill Smalley, Muskogee, Okl., for appellant Jones.

Clifford K. Cate, Jr., Asst. U. S. Atty., Muskogee, Okl. (William J. Settle, U. S. Atty., with him on the brief) for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

Appellants, Reid and Jones, were jointly charged, tried and convicted for burglarizing the United States Post Office in Fort Towson Oklahoma in violation of 18 U.S.C. § 2115. The principal question raised in this appeal relates to the admissibility of a small box containing money and an iron tool taken from the automobile in the possession of Reid and Jones at the time of their arrest in Paris, Texas.

A pretrial hearing on a motion to suppress the evidence developed these pertinent facts: The Post Office at Fort Towson, Oklahoma was burglarized during the night of March 9–10, 1968. The following morning police officers at Paris, Texas, a distance of about forty miles from the scene of the burglary, were on routine patrol duty when they observed an automobile with 1967 Arkansas license plates parked in a city recreation area. After confirming that the license plates had expired, the officers approached the automobile and informed Reid and Jones, who had been asleep therein, that they were being taken to the police station because of the expired license plates.[1] One of the officers directed Jones, who was in the front seat, to open the glove compartment.[2] Jones produced a cigar box which contained a substantial quantity of money. After examination the box was returned to the glove compartment. At the direction of the officers, Reid and Jones got out of the automobile and were "frisked" to determine if they had firearms. When the front door was opened some heavy tools, including a bar, were observed by the officers on the floor of the automobile. A further examination of the vehicle, which was not a general search, disclosed two revolvers underneath the front seat.

Reid and Jones, together with their automobile, were then taken to the police station. The money box and the tools were removed and taken into the station. Later in the day a postal inspector identified the cigar box as one taken from the burglarized post office at Fort Towson, Oklahoma. At the trial, the cigar box and the money were introduced in evidence, as was the iron bar taken from the automobile. An expert identified the iron bar as the one used to open the Fort Towson Post Office safe.

We agree with the trial court that the arresting officers had probable

---

1. The testimony of one of the officers was to the effect that Reid and Jones were placed under arrest upon their arrival at the automobile. Jones testified that the officers did not tell them that they were under arrest but this was indicated when "he got us out of the car and shook us down."

2. One of the officers testified that the opening of the glove compartment in automobiles under these circumstances was usually required to determine if firearms were concealed there.

cause for making the arrest of Reid and Jones for operating an automobile on an expired license; and, that the search made after the lawful arrest was incidental thereto and not unreasonable. The case before us is quite similar to Welch v. United States, 10 Cir., 361 F.2d 214, cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 103, where a similar search, including that of the glove compartment, was sustained. The *Welch* case reviews decisions of this court and of the United States Supreme Court upholding the right of an officer, after a lawful arrest, to search the automobile occupied by the arrested persons and the admissibility in evidence of discovered articles under the immediate control of those arrested. In United States v. Humphrey, 10 Cir., 409 F.2d 1055, we discussed the reasonableness of searches of automobiles after a lawful arrest for the commission of a minor offense by the person in possession of an automobile, and sustained the admission in evidence of articles seized. The Constitution does not forbid all searches and seizures but only those which are unreasonable. Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889; Elkins v. United States, 364 U.S. 206, 222, 80 S.Ct. 1437, 4 L.Ed.2d 1669.

After completion of the closing arguments by the attorneys for Reid and Jones, government counsel in final summation stated: "Now they [counsel for defendants] haven't told us how the defendants got the box marked 'Old Fort' [the cigar box] yet, either Mr. Smalley or Mr. Boatman [counsel for the defendants]." Subsequently the court instructed the jury at length concerning the effect of the defendants' failure to testify. No motion for a mistrial was made. The trial court sustained an objection to the statement on the ground that it was a comment on the failure of the defendants to testify. Appellants urge that a new trial should be granted because the statement was in effect a comment to the jury on the failure of the defendants to testify. This is not a case where the comment of the prosecutor directly and unequivocally called attention to the failure of the accused to testify, as in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; and Collins v. United States, 10 Cir., 383 F.2d 296. Nor is this a case where the jury would naturally and necessarily understand the statement to be a comment on the failure of the accused to testify, as in Knowles v. United States, 10 Cir., 224 F.2d 168. When considered in context, the statement appears to be in answer to arguments made by defense counsel and counsel's attack on the credibility of government witnesses. We do not think the statement was intended to or had the effect of emphasizing the failure of the defendants to testify. *See* Young v. United States, 10 Cir., 168 F.2d 242, cert. denied, 334 U.S. 859, 68 S.Ct. 1533, 92 L.Ed. 1779; United States v. Heithaus, 3 Cir., 377 F.2d 484.

Affirmed.