**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Andrew Lee WELLS, Defendant-Appellant.**

**No. 19705.**

United States Court of Appeals, Sixth Circuit.

Aug. 18, 1970.

William D. Beyer, Cleveland, Ohio, for appellant; Edward F. Marek (Court Appointed), Cleveland, Ohio, on brief.

Harry E. Bickering, Asst. U. S. Atty., Cleveland, Ohio, for appellee; Robert B.

Krupansky, U. S. Atty., Cleveland, Ohio, on brief.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

## PER CURIAM.

Appellant was convicted of robbing a federally insured bank in Cleveland, Ohio, in violation of Title 18, Section 2113(a) and (d). Appellant and another, Rufus Jackson, were both charged with bank robbery and Jackson later pled guilty to the charge. Jackson was the government's principal witness against appellant and his testimony implicated the appellant in the bank robbery.

Appellant's sole ground for appeal is that the government counsel in his closing argument to the jury commented on his failure to testify. He relies on Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), where the Supreme Court held that the Fifth Amendment precludes any comment by the prosecution on the defendant's silence and his failure to take the stand in a criminal trial.

In the defense counsel's closing argument, he concentrated on the credibility of the prosecution's witness Jackson and suggested that Jackson expected to receive some benefits from testifying and that his testimony was unworthy of belief and unreliable. The government counsel made the following statement to the jury in his rebuttal:

> "Now, Rufus Jackson reached the depths when he committed this robbery, when he and Wells went in there with those murderous weapons and jeopardized the lives of the people in the bank and outside the bank. But Rufus Jackson has started back up again. He has admitted his guilt. He has made a complete statement.

> "He came in here and testified candidly, under a subpoena. He didn't answer any more questions than were asked him. He wasn't happy about being here, I don't think. But he told you the truth. And he is on his way

back up. Not Wells. He is still down there."

█ Appellant made a general objection to the statement, but the District Court did not rule on the objection and the defense counsel did not pursue his objection or give any grounds for it, move for a mistrial, or request corrective instructions. A general objection without more is not sufficient to preserve an alleged error for appeal unless there is a showing that the error affected substantial rights of the defendant. Rule 52(b), Fed.R.Crim.P.

█ We cannot agree with the appellant that the ambiguous language used by the government counsel was manifestly intended to convey or was of such a character that the jury would naturally and necessarily take it to be a comment on his failure to testify. Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). In a case similar to the present one, United States v. Reid, 415 F.2d 294 (10th Cir. 1969), the government counsel made a statement in his summation that was objected to by the defense counsel, and the trial court sustained the objection on the ground that it was a comment on the defendant's failure to testify. On appeal, the Court observed:

> "When considered in context, the statement appears to be in answer to arguments made by defense counsel and counsel's attack on the credibility of government witnesses. We do not think the statement was intended to or had the effect of emphasizing the failure of the defendants to testify. See Young v. United States, 10 Cir., 168 F.2d 242, cert. denied, 334 U.S. 859, 68 S.Ct. 1533, 92 L.Ed. 1779; United States v. Heithaus, 3 Cir., 377 F.2d 484." 415 F.2d at 296.

In this case, it similarly appears that the argument of government counsel was made largely in response to defense counsel's argument and was a necessary and justified response since the government relied on the testimony of the codefendant Jackson to prove its case.

The government not only had to answer the arguments made by the defense, but it had to attempt to rehabilitate this witness after the defense attacked his credibility. The comment of government counsel focused on the credibility of Jackson and did not emphasize appellant's failure to testify. We find that this comment did not constitute plain error and that it was not prejudicial to the appellant. Rule 52(b), Fed.R.Crim. P.

The jury was subsequently instructed by the District Court in its charge that a defendant did not have to take the witness stand and testify and that no presumption of guilt or inference of any kind may be drawn from the failure of a defendant to testify. To the extent that the government argument might be construed as a reminder that the defendant failed to testify, the Court's instruction provided sufficient correction and minimized the risk of inferring guilt from such a failure to testify. See United States v. Heithaus, 377 F.2d at 486.

Affirmed.