**UNITED STATES of America**

v.

**John Thomas STRICKLAND.**

**Crim. A. No. 17829.**

United States District Court,
E. D. Tennessee, N. D.

Dec. 17, 1970.

**1346**

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

William E. Badgett, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

It is charged in the first count of the indictment that Strickland on or about October 1, 1970 willfully and knowingly possessed and transported a quantity of distilled spirits required to be stamped in accordance with Section 5205(a) (2), Title 26, United States Code.

The Grand Jury charges in the second count that on or about the same date Strickland willfully and knowingly carried a firearm unlawfully during the commission of a felony prosecutable in a court of the United States, that is, possession and transporting of nontaxpaid whiskey, prohibited by Title 26 U.S.C. Section 5604(a) (1) of the United States Code.

Strickland has moved to suppress all of the evidence obtained by state officers as a result of the search and seizure made of his vehicle on a public highway in Monroe County on October 1, 1970, claiming that the search and seizure was in violation of his Fourth, Fifth and Fourteenth Amendment rights under the Federal Constitution in that the search was made without a search warrant and without probable cause and, therefore, constituted an unreasonable search and seizure.

The evidence shows that Trooper Burris, a Tennessee Highway Patrolman, was on October 1, 1970, at about 6:00 p. m., traveling west on Tennessee Highway 68 near the City Limits of Sweetwater, Monroe County, Tennessee. Burris met Strickland going east on the same highway driving a 1962 Chevrolet headed in the direction of the residence of Earl Junior King. Burris noticed that the rear end of the Strickland car was setting in a normal manner. About twenty-five minutes later, Burris was traveling east on Highway 68 and overtook Strickland driving the same 1962 Chevrolet headed in the same direction. At that time, Burris noticed that the rear end of the Strickland car was setting down and the rear tires were almost flat as if the trunk of the vehicle was heavily loaded. Burris was familiar with Strickland's reputation for dealing in moonshine whiskey. He had known Strickland for several years and knew that his reputation in Monroe County was that of an illicit whiskey bootlegger. He had received information within the last four or five days from one or more reliable sources, these sources having proved reliable in the past, and one or more of these sources had visibly observed that Earl Junior King and Strickland were in the moonshine whiskey business together and they were using the King residence as a whiskey cache. Burris had also received information from sources reliable that Strickland was transporting moonshine whiskey in this 1962 Chevrolet. Reliable information had also come to Burris that illicit whiskey had actually been seen in the Strickland vehicle, this same 1962 Chevrolet, within the past four or five days. Burris had seen this same 1962 Chevrolet at the sight of an unregistered distillery in Monroe County in December, 1968. Burris had also received information from state and local law enforcement agents as well as federal Alcohol, Tobacco & Firearms agents concerning the reputation of Strickland as an illicit whiskey dealer.

As Burris followed Strickland for a short distance and Strickland proceeded to turn left onto a gravel road without giving a signal and directly in front of an oncoming vehicle. Strickland picked up speed going down the gravel road as Burris followed him. After approximately three-fourths of a mile, Burris succeeded in stopping Strickland. Each man got out of his car and Burris asked Strickland for his driver's license and proof of ownership. As Strickland reached back into the car to get his registration, Burris observed a pistol in his right hip pocket which he proceeded to remove. Burris advised Strickland that he was under arrest and advised him of his legal rights. Burris asked Strickland to open the trunk of the car. Strickland told Burris to open it himself. Burris opened the trunk and found 56 gallons of nontaxpaid whiskey.

■ The Court finds that the arrest made by Burris for violating the rules of the road was not done as a pretext or subterfuge to search the car for moonshine whiskey. Robertson v. State, 184 Tenn. 277, 198 S.W.2d 633 (1947).

Mr. Altizer, an ATU agent stationed here in Knoxville, stated that Strickland had the reputation of being a major white whiskey operator. He also stated that he could see the Strickland car running low when it was brought in.

■ Burris had the right to arrest Strickland for violation of the state law. He also had the right as incident to the arrest and for probable cause to search his car. He saw the car sagging in the rear which indicated to him that he had

a load of white whiskey. United States v. Gilliam, D.C., 87 F.Supp. 808, aff'd 6 Cir., 189 F.2d 321; Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; United States v. Reid, 10 Cir., 415 F.2d 294; United States v. Lewis, D.C., 303 F.Supp. 1394, 1397; United States v. Thompson, 409 F.2d 113 (C.A.6, 1969); United States v. Baxter, 361 F.2d 116 (C.A.6, 1966); Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833 (1966); United States v. Buckner, 296 F.Supp. 121 (E.D.Tenn.N.D., 1968); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■■ Although the arrest was made under Tennessee law, the search is controlled by federal law. It is deemed appropriate to point out that this search was made in Tennessee and under the holdings of the Supreme Court of Tennessee there is no acceptable difference between an arrest for a misdemeanor and an arrest for a felony with respect to a search connected with an arrest. Liming v. State, 220 Tenn. 371, 417 S.W. 2d 769 (Sup.Ct. of Tenn., 1967).

■ Automobiles may be searched without a warrant in circumstances that would not justify a search of a home. Chambers v. Maroney, 399 U.S. 42, 46–52, 90 S.Ct. 1975, 26 L.Ed.2d 419; United States v. Barnett, 6 Cir., 407 F.2d 1114.

■ The fact that Strickland's automobile was stopped for violation of traffic rules and was searched for a different violation did not affect the validity of the search. United States v. Thompson, supra; United States v. Reid, supra; Liming v. State, supra.

The parties agreed prior to the trial that the Court could try the search and seizure question and the guilt or innocence of the defendant at the same time. The evidence shows beyond a reasonable doubt and the Court concludes that Mr. Strickland possessed nontaxpaid whiskey at the time of his arrest and he is, therefore, guilty as charged in both counts of the indictment.