**Jerry Allen ROYAL, Petitioner,**

v.

**Park J. ANDERSON, Warden, Oklahoma State Penitentiary, State of Oklahoma, Respondents.**

**Civ. No. 73–125.**

United States District Court, E. D. Oklahoma, Civil Division.

Dec. 19, 1973.

Jerry Allen Royal, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

Petitioner herein, seeks a writ of habeas corpus discharging him from the custody of the respondents because of the alleged invalidity of his conviction in the District Court of Carter County, Oklahoma, in Case No. CRF–69–186. It is claimed by the petitioner that in his closing argument to the jury the District Attorney made an improper comment upon petitioner's failure to take the stand and testify in his own defense. This issue was presented by the petitioner to the Oklahoma Court of Criminal Appeals in his direct appeal. The question was determined adversely to him and the judgment and sentence of the trial court was affirmed. Royal v. State, 489 P.2d 520 (1971). It appears from that Opinion that the petitioner was charged with the crime of Grand Larceny After Former Conviction of a Felony. At his trial various witnesses testified that several items found in petitioner's possession when he was arrested were a part of the loot taken in the theft. Two witnesses testified for the petitioner but he elected not to take the stand. In his closing argument the District Attorney made the following statement which the petitioner now claims to have violated his constitutional rights:

"We don't have any explanation from the defense as to how defendant got hold of these items."

The petitioner has exhausted his state remedies and there are no issues of fact which require a hearing.

Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) established that comment by the prosecutor or the court in a state court prosecution upon an accused's failure to take the stand and testify in his own behalf is federal constitutional error. This, however, is not a case like that where the comment of the prosecutor directly and unequivocally called the attention of the jury to the failure of the accused to testify.

The applicable standard is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment upon the failure of the defendant to testify. Knowles v. United States, 224 F.2d 168 (CA10 1955); Tilford v. Page, 307 F. Supp. 781 (W.D.Okl.1969). By this test there was no error. It is not improper for the prosecutor to call to the jury's attention that the evidence before it is uncontradicted. Robbins v. United States, 476 F.2d 26 (CA10 1973); United States v. Lepiscopo, 458 F.2d 977 (CA10 1972). It is the general rule that:

"It is not forbidden that counsel argue that the evidence against the defendant is uncontroverted or that the appellant failed to produce testimony on any phase of defense upon which he relies. This is especially true when evidence against the defendant could be contradicted by someone other than himself." Ruiz v. United States, 365 F.2d 103 (CA10 1966).

The argument in petitioner's case is not unlike that of the government attorney in Knowles v. United States, supra, a tax case, concerning an unreported item, that there was "not the slightest bit of explanation given to the Internal Revenue Department about it, or given to you. Now it was easy to explain to Mr. Coard [Internal Revenue Agent]; could be easy to explain to you, but it hasn't been done." 224 F.2d at 170. The Court of Appeals stated:

". . . The trial court was correct in its view that the comment of counsel was not directed to the failure of the appellant to testify, but was primarily directed to the failure of the evidence to furnish any explanation for the unreported receipt of the $3,570.00."

Even more similar factually is the case of United States v. Reid, 415 F.2d 294 (CA10 1969). This was a prosecution for burglarizing a United States Post Office. When arrested the defendant had in his possession a cigar box containing money identified as the box taken from the burglarized post office. Counsel for the government in final summation said:

"Now they haven't told us how the defendants got the box marked 'Old Fort' [the cigar box] yet, either Mr. Smalley or Mr. Boatman [counsel for the defendants]."

The court said:

"We do not think the statement was intended to or had the effect of emphasizing the failure of the defendants to testify." 415 F.2d at 296.

We think here the reference by the District Attorney could have been considered a comment upon the failure of the two defense witnesses to offer an explanation of the possession of the stolen items or even to the failure of the defendant's attorney to suggest such an explanation. We cannot conclude that it was directed to the failure of the petitioner to testify or had the effect of emphasizing such failure. Rather, we conclude it was primarily directed to the

failure of the evidence or argument by counsel to furnish any explanation for possession of the items taken in the theft.

Accordingly, the petition will be denied.

It is so ordered.