**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Wilson PRINCE, a/k/a R. Shaw,
Defendant-Appellant.**

No. 76–1344.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1976.

Decided Jan. 19, 1977.

Rehearing and Rehearing En Banc
Denied March 11, 1977.

Ron Minkin, Los Angeles, Cal., for defendant-appellant.

Frederick S. Van Tiem, Peter M. Rosen, Asst. U.S. Attys. Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, PECK and LIVELY, Circuit Judges.

JOHN W. PECK, Circuit Judge.

Defendant, Ronald W. Prince, appeals his conviction by the district court sitting without a jury, for possession with intent to distribute a Schedule I controlled substance (heroin) in violation of 21 U.S.C. § 841.

On December 3, 1974, Special Agent Paul Markonni of the Drug Enforcement Administration (DEA) was contacted by a security officer at the Detroit Metropolitan Airport. This security officer advised Markonni that during a routine security check of luggage, x-ray equipment revealed an unidentifiable "large mass of space" which required her to open and inspect a suitcase belonging to passenger "R. Prince." Upon so doing, she observed a large sum of money, which she estimated to be approximately $50,000 in 50 and 100 dollar bills.

After receiving this information, Agent Markonni verified that R. Prince had reservations for air transportation to Los Angeles, California, notified Special Agent Roberts in the Los Angeles Regional Office of the DEA of this information, and requested further identification of Prince and a determination of the nature of his activities in the Los Angeles area. Agent Markonni also determined that a telephone number given by Prince to the airline was not a working number, but that by rearranging the digits (since such errors are not infrequent) he had the number of a Holiday Inn known by Markonni to be frequented by drug traffickers. On December 4, Markonni was advised by the desk clerk at the Holiday Inn that a Ronald Prince had stayed in the motel on the previous day, and Markonni was furnished with a reservation card listing Prince's name, address and place of employment in California. On De-

cember 9th the Los Angeles office of the DEA notified Markonni that their agents had seen Prince disembark from his flight arriving in Los Angeles on the morning of December 4, and had "positively identified" him as Ronald Wilson Prince, who had a Los Angeles Police record which included one unspecified "drug related" felony conviction.

The Los Angeles office further informed Agent Markonni that the place of employment listed by Prince was apparently nonexistent. Later that same day, Agent Markonni received a telephone call from Special Agent Dale Schuitema, who reported he had been contacted by an informant and advised that a narcotics violator, who had contacted the informant, was expecting a large quantity of dark brown Mexican heroin to arrive as early as the next day.

On December 10, Markonni was contacted by an employee of the said Holiday Inn, and advised that a person by the name of "Prince" had called, who said he had just arrived in the city and wanted a room reservation for one night. Agent Markonni and Michigan State Police Detective Mayes proceeded to the Holiday Inn, where they observed appellant Prince arrive in a cab. He was carrying a small suitcase and shoulder bag. As Prince was registering at the desk, the two officers approached him and Agent Markonni identified himself as a federal narcotics agent. The officers then escorted Prince into the motel manager's office. Appellant's bag was searched and found to contain approximately 1271.0 grams of a dark brown substance, suspected heroin, which was seized. At this point appellant was formally placed under arrest and was advised of his constitutional rights.

The appellant argues that the sum of the facts possessed by the DEA agents amounted to no more than a mere suspicion of criminal activity, and that therefore the fruits of the search should have been suppressed. The issue before this Court is thus whether there was probable cause to arrest appellant at the time he was escorted to the manager's office, which would make a warrantless search incident to a valid arrest

permissible. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1962); *United States v. Rabinowitz*, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); *Manning v. Jarnigan*, 501 F.2d 408 (6th Cir. 1974).

The Supreme Court in *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), stated that the constitutionality of an arrest depends upon whether, "at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that petitioner had committed or was committing an offense." 379 U.S. at 91, 85 S.Ct. at 225. In dealing with probable cause, we, of course, deal with probabilities, the factual and practical considerations of everyday life on which reasonable and prudent persons act, *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), *United States v. Edwards*, 474 F.2d 1206 (6th Cir. 1973), *reversed on other grounds*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), and we recognize that this common sense approach must be adhered to lest courts unduly hamper effective law enforcement. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Jackson*, 533 F.2d 314 (6th Cir. 1976).

The facts known to Agent Markonni in this case did not meet the requirements of *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), since the unreliable informant's tip received was neither corroborated nor possible of corroboration. However, although the tip by itself was insufficient to establish probable cause, the tip was not so insubstantial that it could not properly have been considered as one factor in a determination of probable cause. See, *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *United States v. Caniesco*, 470 F.2d 1224 (2d Cir. 1972). This Court has quoted with approval this expression of then Cir-

cuit Judge Burger from *Smith v. United States,* 23 U.S.App.D.C. 202, 358 F.2d 833, 837 (1966), *cert. denied,* 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448 (1969):

> "[P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. We weigh not individual layers but the 'laminated' total." *United States v. Barnett,* 407 F.2d 1114, 1118 (6th Cir. 1969).

While none of the individual facts known to Agent Markonni was independently sufficient to establish probable cause, we are of the view that the sum total of these facts was sufficient to warrant Markonni's belief that Prince had committed or was committing the offense of possessing narcotics.

The judgment of the district court is affirmed.