**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul PEPPLE, Defendant-Appellant.**

**No. 82–1040.**

United States Court of Appeals,
Sixth Circuit.

Argued April 19, 1983.
Decided May 23, 1983.

Kenneth R. Sasse (argued), Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Martha Ellen Dennis, James L. McCarthy (argued), Asst. U.S. Attys., Detroit, Mich., for plaintiff-appellee.

Before MARTIN and CONTIE, Circuit Judges, and MARKEY, Chief Circuit Judge.*

CONTIE, Circuit Judge.

The defendant Paul Pepple appeals from his conviction of possession with intent to distribute 36,928 dosage units of LSD. 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). The single issue on appeal is whether the district court erred in finding that the DEA agents had probable cause to stop the car in which the defendant was riding and arrest him. We affirm.

* The Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation.

## I

Two undercover DEA agents met with Gregory Goddard and Carolyn Herring in a motel and arranged to buy a large quantity of LSD. The agents were instructed to wait in the rear parking lot until the supplier came to the motel. Goddard told the agents that the supplier bringing the LSD would stay in the front parking lot while the agents remained in the rear. Shortly thereafter, Goddard ran to the agents' car from the front of the motel and gave them a sample of 3,000 dosage units of LSD. Goddard was then arrested.

Prior to Goddard's arrest, other DEA agents had been watching the front of the motel. When these agents saw Goddard running from a row of cars in the front of the motel to the rear parking lot, they began to investigate cars in the front parking lot. One car that the agents investigated was a Thunderbird with two occupants. With the bright lights from the agents' car shining into the Thunderbird, the two male occupants of the Thunderbird displayed no reaction at all to the bright lights. The agents then moved on to investigate another car.

After Goddard's arrest, one of the arresting agents entered the rear of the motel and exited through the front. He began walking through the front lot looking for the supplier. As he walked through the parking lot back to his car in the rear, the Thunderbird slowly followed him. This was observed by the agents who had been watching the front of the motel and the Thunderbird. When the Thunderbird passed the last exit to the street and was obviously headed towards the rear parking lot, the agents stopped the car and arrested the two occupants. The driver of the Thunderbird was Douglas Ratajski and the passenger was the defendant. 36,928 dosage units of LSD were found in the car. The agents did not have an arrest warrant or a search warrant.

Goddard, Herring, Ratajski and the defendant were charged with conspiracy and substantive counts of drug possession. Goddard and Ratajski pleaded guilty. The defendant and Herring were tried together. Herring was acquitted on all counts and the defendant was acquitted of the conspiracy charge but convicted of possession with intent to distribute. At issue on appeal is the district court's denial of the defendant's motion to suppress the LSD found in the car.

## II

■ To justify the stop of the Thunderbird and the subsequent arrest of its occupants, the agents had to have both probable cause to arrest and exigent circumstances to excuse the necessity for obtaining an arrest warrant. Only the existence of probable cause is challenged on appeal. Probable cause exists if the police officers have knowledge, at the time of arrest, of information sufficient to warrant a reasonable man to believe that a crime has been committed. The facts should be viewed as a whole and in a practical manner. *United States v. Prince,* 548 F.2d 164 (6th Cir.1977).

■ The district court's determination that probable cause existed to stop the car and arrest its occupants must be accepted unless it is clearly erroneous. *United States v. Mathis,* 298 F.2d 790 (6th Cir.), *cert. denied,* 370 U.S. 947, 82 S.Ct. 1595, 8 L.Ed.2d 813 (1962). *Accord, United States v. Wentz,* 686 F.2d 653, 656–57 (8th Cir. 1982); *United States v. O'Connor,* 658 F.2d 688, 690–91 (9th Cir.1981); *United States v. Hart,* 546 F.2d 798, 801–03 (9th Cir.1976) (en banc), *cert. denied,* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977). Labeling the determination of probable cause as an "ultimate" finding does not detract from its factual nature—other equally "ultimate" findings are tested under the clearly erroneous rule. *See, e.g., United States v. Collis,* 699 F.2d 832, 835 (6th Cir.1983) (finding that a person has been seized); *United States v. Gargotto,* 510 F.2d 409, 411 (6th Cir.1974), *cert. denied,* 421 U.S. 987, 95 S.Ct. 1990, 44 L.Ed.2d 477 (1975) (finding of exi-gent circumstances); *United States v. Hearn,* 496 F.2d 236, 242 (6th Cir.), *cert. denied,* 419 U.S. 1048, 95 S.Ct. 622, 42 L.Ed.2d 642 (1974) (finding of consent to search). The existence of probable cause depends on the particular facts of each case and often hinges a great deal on the credibility of witnesses. In addition to the trial court's opportunity to assess the credibility of witnesses, application of the clearly erroneous standard "reflects and preserves the proper relationship between trial courts and courts of appeal." *United States v. Jabara,* 644 F.2d 574, 577 (6th Cir.1981).

■ The district court found probable cause based on the following facts. The agents knew that the supplier was supposed to be in the front parking lot. Agents watching the front of the motel saw Goddard, the go-between in the transaction, run from the front parking lot, in the general area in which the Thunderbird was parked, to the rear lot to deliver the sample. The occupants of the Thunderbird then behaved in an extraordinary manner when the agents drove their car up behind them with its bright lights shining directly into the Thunderbird. No arrest or stop had been made at this point. After Goddard had been arrested, it was reasonable for the agents to assume that the supplier was still somewhere in the front parking lot because only a small sample had been delivered and the supplier had not yet been paid. When one of the arresting agents began to walk through the front lot towards the rear, the agents who had been watching the Thunderbird saw it follow the arresting agent towards the rear of the motel. The arrest was made once it became apparent that the Thunderbird was not exiting the parking lot. Under the facts of this case, the district court's finding of probable cause was not clearly erroneous.

The judgment of the district court is AFFIRMED.