779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD JAMES McGHEE, Petitioner-Appellant,
v.
DALE FOLTZ, Respondent-Appellee.
 85-1460
 United States Court of Appeals, Sixth Circuit.
 10/15/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 This Michigan State prisoner appeals from a district court judgment accepting the Magistrate's report and recommendation to dismiss petitioner's habeas corpus petition filed under 28 U.S.C. Sec. 2254.
 
 
 2
 Petitioner was convicted of murder in the first-degree on October 4, 1972 following a bench trial, and was sentenced to life imprisonment. His conviction was affirmed on appeal and the Michigan Supreme Court denied leave to appeal to its court. The petitioner essentially asserted three issues in the district court, the denial of which we hereby affirm upon careful review of the cause and of the arguments presented by the parties in their appellate briefs.
 
 
 3
 In his first argument, petitioner conclusorily claims that his warrantless arrest was without probable cause and hence illegal. It is clear, however, that petitioner's arrest was based on probable cause as the arresting officer had reason to believe that a crime had been committed and exigent circumstances existed to excuse the necessity for obtaining an arrest warrant. United States v. Pepple, 707 F.2d 261, 263 (6th Cir. 1983). Even absent probable cause, there were no egregious circumstances present during the arrest to bar petitioner's trial for being violative of due process. She United States v. Crews, 445 U.S. 463, 474 (1980); United States v. Wilson, 732 F.2d 404, 410-11 (5th Cir.), cert. denied, 105 S.Ct. 609 (1984), and cases cited therein.
 
 
 4
 Petitioner's search and seizure claim was also properly denied. The search and seizure claim was not subject to habeas review because petitioner received a full and fair opportunity to present this claim in the state courts and the presentation of the claim was not frustrated by the process afforded the petitioner. Stone v. Powell, 428 U.S. 465 (1976); Gilbert v. Parke, 763 F.2d 821, 823-24 (6th Cir. 1985). Petitioner's appellate counsel presented multiple arguments in his voluminous appellate brief attacking the search and seizure of the defendant and the car in which he was riding; and, the state appellate court entertained and denied all the arguments.
 
 
 5
 Petitioner's third and fourth claims essentially asserted the single issue of whether probable cause supported the issuance of the information and criminal complaint issued against the petitioner. Petitioner argued that probable cause was lacking because his arrest was illegal as was the concurrent search and seizure. These claims, however, were also properly denied for the same reasons supporting the denial of petitioner's first two claims.
 
 
 6
 Under all the circumstances, it is clear that petitioner has failed to raise an error of constitutional magnitude which could entitle him to federal habeas corpus relief. Wainwright v. Goode, 464 U.S. 78, 84-5 (1983); United States v. Timmreck, 441 U.S. 780 (1979).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.