803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES ROY DAVIS, Petitioner-Appellant
v.
WARDEN, TENNESSEE STATE PENITENTIARY, STATE OF TENNESSEE,
Respondent-Appellee
 No. 86-5302.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1986.
 
 1
 BEFORE: KENNEDY and MARTIN: Circuit Judges; PECK, Senior Judge
 
 ORDER
 
 2
 This Tennessee state prisoner moves the Court for a free transcript and counsel in his appeal from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254.
 
 
 3
 The petitioner was convicted in 1981 by a jury of armed robbery for which he received a 20 year sentence. His conviction was affirmed on appeal. Petitioner did not seek review of this affirmance in the Tennessee Supreme Court. He did, however, file a post-conviction proceeding attacking the conviction. It was denied; the denial was affirmed on appeal, and the Tennessee Supreme Court denied discretionary review.
 
 
 4
 Petitioner sought to attack his armed robbery conviction on the following grounds: 1) ineffective assistance of counsel; 2) improper admission of similar events connecting petitioner to an earlier robbery; 3) illegal search and seizure; 4) admission of illegal confession; 5) denial of a speedy trial; 6) lack of sufficient evidence; 7) illegal arrest without a warrant; and 8) denial of a hearing on competency to stand trial. Upon review of the cause, the district court dismissed the petition for being a mixed petition containing exhausted and unexhausted claims for relief. See Rose v. Lundy, 455 U.S. 509 (1982). The district court concluded that the petitioner had not presented grounds #s 2 and 3 to the Tennessee Supreme Court, that ground #4 was never presented to the Tennessee Court of Appeals, and that ground #7 was never presented to any Tennessee state court.
 
 
 5
 Upon review of the cause, this Court concludes that there is no exhaustion problem in this case which would warrant the dismissal of the entire petition.
 
 
 6
 Exhaustion is not a problem in this case as to grounds #s 2 and 3 because the petitioner simply does not have any state court remedy available to him to pursue. A Tennessee prisoner is precluded from raising in a post-conviction proceeding an issue which has already been determined on the merits either prior to or during the criminal trial or in the criminal appeal. See T.C.A. Sec. 40-30-111; T.C.A. Sec. 40-30-112; Searles v. State, 582 S.W.2d 391 (Tenn. Crim. App. 1979); Helton v. State, 530 S.W.2d 781 (Tenn. Crim. App. 1975); Long v. State, 510 S.W.2d 83 (Tenn. Crim. App. 1974). Cf. Keener v. Ridenour, 594 F.2d 581 (6th Cir. 1979). Grounds #s 2 and 3 were indeed only presented in petitioner's direct criminal appeal. They were, however, considered and determined adversely to the petitioner on the merits. Because they were determined on the merits, the petitioner does not have any other remedy available for him to exhaust.
 
 
 7
 Although there is no exhaustion problem as to these issues (#s 2 and 3), the petition was nonetheless properly dismissed as to these two issues because the petitioner is barred from relying on these claims due to his failure to present them to the Tennessee Supreme Court. His non-assertion of the claims is not excused under the cause and prejudice test. See Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985). Even assuming adequate cause to excuse the non-assertion, it is clear there is no resulting prejudice to the petitioner. A reading of the state appellate court opinion affirming his conviction reveals that ground #2 is utterly frivolous. The State properly admitted rebuttal evidence connecting the petitioner to the robbery in light of his past similar course of behavior connecting him to the robbery. In addition, a review of the opinion reveals that the petitioner received a full and fair opportunity to present his search and seizure claim in the state courts. He is, therefore, barred from presenting this claim (#3) in a federal habeas corpus petition. Stone v. Powell, 428 U.S. 465 (1976); Gilbert v. Parke, 763 F.2d 821, 823-24 (6th Cir. 1985).
 
 
 8
 Our review of the cause also shows that the district court erroneously concluded that the petitioner failed to adequately present his claim #4 regarding his alleged coerced confession to the Tennessee State Appellate Court. This issue of the coerced confesssion was expressly subsumed and considered by the Tennessee Court of Appeals in conjunction with petitioner's claim that his counsel rendered ineffective assistance. The substance of his federal claim was, therefore, "fairly presented" to the attention of the state courts. Butler v. Rose, 686 F.2d 1163, 1168 (6th Cir. 1982) (en banc).
 
 
 9
 Regarding the last issue (#7) which the district court found was never presented to any Tennessee state court, it is concluded that this issue is so frivolous that exhaustion would be utterly futile and, therefore, not necessary in this case. See Haggins v. Warden, Fort Pillow State Farm, 715 F.2d 1050, 1054-55 (6th Cir. 1983), cert. denied, 464 U.S. 1071 (1984). Petitioner essentially claims that his conviction should be reversed because he was arrested by the Mississippi police without an arrest warrant and later transported by the Tennessee police without an arrest warrant. An arrest without a warrant, however, is proper if the police have probable cause to believe the arrestee committed a crime. See United States v. Pepple, 707 F.2d 261, 263 (6th Cir. 1983). A review of the state court appellate opinion affirming the petitioner's conviction shows that the police clearly had probable cause to believe petitioner committed the armed robbery given his strong connection to the earlier robbery. Probable cause thus existed to support the arrest and transfer. Furthermore, even absent probable cause, an illegal arrest will not bar a criminal trial unless egregious circumstances are present so as to render the trial violative of due process. See United States v. Crews, 445 U.S. 463, 474 (1980); United States v. Wilson, 732 F.2d 404, 410-11 (5th Cir.), cert. denied, 105 S.Ct. 609 (1984), and cases cited therein. No such allegations are even remotely alleged to exist in this case.
 
 
 10
 For these reasons, this panel unaminously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. This district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit, to the extent it dismissed the petition on grounds #s 2, 3 and 7. Petitioner is barred from asserting grounds #s 2 and 3 for his failure to meet the cause and prejudice test; and ground #7 is so frivolous it fails to state a violation of constitutional magnitude. The denial of this ground is affirmed on the basis of frivolity. As to the remaining grounds, #s 1, 4, 5, 6, and 8 as delineated above, the district court's judgment is hereby vacated pursuant to Rule 9(d)(4), Rules of the Sixth Circuit, and the cause is hereby remanded for further consideration.