922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas THOMPSON, Gary Thompson, and Alan Moon, Defendants-Appellants.
 Nos. 89-2293, 89-2417 and 89-2425.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Thomas Thompson, Gary Thompson, and Alan Moon were convicted of various cocaine related charges stemming from five separate undercover transactions or attempted transactions on April 6, April 26, May 4, September 28, and November 30, 1988. The promised cocaine was actually delivered to the undercover officers on only two occasions: four and one-half ounce buys on both April 6 and September 28, 1988. Two four and one-half ounce deals on April 26, and May 4, and a one kilogram deal on November 30, 1988, were uncompleted for various reasons. On appeal, the defendants argue that the district court erred in applying the substantive law and the sentencing guidelines. For the following reasons, we remand for resentencing as to Thomas Thompson, and affirm as to Gary Thompson and Alan Moon.
 
 I. THOMAS THOMPSON
 
 2
 Thomas Thompson was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. On appeal he asserts that he was denied effective assistance of counsel and that the district court erred in applying the sentencing guidelines.
 
 
 3
 Thomas Thompson contends that he was denied effective assistance of counsel because his attorney failed to request a separate trial despite exculpatory statements made by co-defendant Moon. No claim of ineffective counsel was presented to the district court. Accordingly, defendant's argument is precluded by our decision in United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989), in which we stated that a claim of ineffective assistance of counsel can not be raised for the first time on appeal.
 
 
 4
 Thomas Thompson also raises claims challenging the district court's application of the sentencing guidelines. Specifically, Thomas Thompson argues that the district court erred in placing him in Criminal History II category and in not finding him to be a minor participant under Guideline Sec. 3B1.2. Thompson notes that at the bond hearing the district court itself had stated:
 
 
 5
 category two is simply wrong. That criminal history category should have been one, and that the Defendant was entitled to a four point credit for a minimal, as a minimal participant as I reflect and look back on the offense, I'm sorry, should have been a minus as I look back at the totality of the proofs at trial that I should have applied Guideline Sec. 3(b)1.2(b).
 
 
 6
 Because the record before us is barren as to any findings by the district court at the sentencing stage, which must show by clear and convincing evidence what facts were necessary to establish the criminal history category applied, we are in no position to review the sentence imposed for errors of law. Obviously, from the transcript provided after oral argument by the United States, everyone was confused as to precisely what had taken place when the pre-sentence report was being considered. Therefore, to insure no improper application of the guidelines has occurred, the sentence of Thomas Thompson is vacated and remanded pursuant to Fed.R.Crim.P. Rule 35(a).
 
 II. GARY THOMPSON
 
 7
 Gary Thompson was convicted of conspiracy to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). On appeal, Thompson claims the district court violated his right to due process by allowing unintelligible audio tapes to be played before the jury, and in applying the sentencing enhancing provision, 21 U.S.C. Sec. 841(b)(1)(B), despite the fact that the original indictment did not specify an amount of contraband.
 
 
 8
 Thompson's claims are without merit. His challenge to the admission of the audio tapes is encumbered by his failure to make a timely objection at trial, pursuant to Fed.R.Evid 103(a)(1). Accordingly, this Court's inquiry is limited to findings of plain error. Because we find the district court complied with our holding in United States v. Robinson, 763 F.2d 778, 781 (1985), we find no such plain error. Thompson's argument as to 21 U.S.C. 841(b)(1)(B) is similarly foreclosed by our opinion in United States v. Moreno, 899 F.2d 465 (6th Cir.1990), in which we concluded that Sec. 841(b) is merely a sentencing provision, not a separate offense that must be proven beyond a reasonable doubt. As a penalty provision, we agree with the district court that drug quantity is a factual matter to be found by the trial judge and need not be included in the underlying indictment. See United States v. Wood, 834 F.2d 1382 (8th Cir.1987).
 
 III. ALAN MOON
 
 9
 Alan Moon was convicted of conspiracy to distribute cocaine, distribution of cocaine, possession with intent to distribute cocaine, and the use of a firearm in a drug trafficking crime, in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and 18 U.S.C. Sec. 924(c)(2). On appeal, Moon argues that the district court erred in finding sufficient evidence upon which to predicate the gun charge, in finding probable cause to support the warrants issued to search Moon's home and business, and in calculating the amount of cocaine involved pursuant to the sentencing guidelines.
 
 
 10
 Moon contends that although the evidence presented at trial established his possession of a firearm on November 30, 1988, no evidence exists to tie that possession with any drug trafficking crime because the cocaine negotiations broke while the gun was still in the undercover officer's vehicle. Normally, upon a challenge of the sufficiency of the evidence, this Court is to examine the record to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). However, Moon's failure to raise a Rule 29 motion for judgment of acquittal further limits this Court's inquiry to whether a manifest miscarriage of justice has occurred. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). Given our holdings in United States v. Acosta-Cazares, 878 F.2d 945 (6th Cir.), cert. denied, 110 S.Ct. 255 (1989), and United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989), we cannot find that Moon has met his burden on appeal.
 
 
 11
 Moon also asserts that the district court erred in finding probable cause to allow officers to obtain warrants to search his home and business, and further claims no reasonable basis existed for officers to rely on these warrants. We disagree. This court reviews the district court's finding of probable cause under the clearly erroneous standard. United States v. Pepple, 707 F.2d 261 (6th Cir.1983). Given the information supplied by the unnamed informant, and the corroborating information gathered through the lengthy undercover operation, we cannot find the district court erred in finding probable cause. Illinois v. Gates, 462 U.S. 213, 244 (1983).
 
 
 12
 Finally, Moon contends that the district court erred in calculating the amount of cocaine involved when applying the sentencing guidelines. The crux of Moon's argument is that he did not intend to produce, and was not reasonably able to produce, the cocaine for the uncompleted transactions. See United States Sentencing Guidelines Sec. 2D1.4. The district court found otherwise; this Court must uphold that finding absent clear error. 18 U.S.C. Sec. 1342(e). Nothing in record or the briefs supports a finding of clear error. Therefore, Moon has failed to meet his burden in attempting to prove that he neither intended to produce nor was reasonably able to produce the negotiated amounts of cocaine. United States v. Rodriguez, 896 F.2d 1031, 1033 (6th Cir.1990).
 
 
 13
 Accordingly, the judgment of the district court is vacated and remanded as to Thomas Thompson, and affirmed as to Gary Thompson and Alan Moon.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation